# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2035

_____

| | | |
|---|---|---|
| Doris Alma Lucille Hansen, | * | |
| Executor of the Estate of | * | |
| Christian C. Hansen, Deceased, | * | |
| | * | Appeal from the Federal |
| Plaintiff-Appellant, | * | District Court for the |
| | * | Northern District of Iowa |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Defendant-Appellee. | | |

_____

Submitted: January 10, 2001
Filed: April 26, 2001 (corrected May 30, 2001)

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and DOTY,[1]
District Judge.

_____

DOTY, District Judge

This case answers the question of first impression as to whether an estate must either pay all disputed assessments or be up to date with its installment payments in order to challenge a determination of the Internal Revenue Service (IRS) as to taxes

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

due. The district court[2] agreed with the IRS that the estate had to have all disputed amounts paid or be up to date on any installments, and granted its motion for dismissal under Rule 12(b)(1). The estate appealed and we affirm.

I.

There are few facts in dispute. Christian C. Hansen died on July 29, 1980, leaving a sizeable estate comprised mostly of farm land. His executor, and Plaintiff-Appellant Doris Hansen, elected to pay the estate tax liability of $504,629.33 in installments pursuant to section 6166 of the Internal Revenue Code (I.R.C.).[3] Under that section, the estate had fifteen years, plus any extensions, to pay its tax liabilities. That period expired on April 29, 1996.

On March 25,1996, the IRS sent a notice to the estate requesting payment of its unpaid liabilities in the amount of $350,456.28 by April 29. On April 29, 1996, the estate submitted a payment of $25,000. The IRS sent another notice on July 26,1996, demanding payment of the amount then owing, giving the estate credit for the $25,000.

---

[2]The Honorable Michael J. Melloy, United States District Court Judge for the Northern District of Iowa.

[3]I.R.C. citations refer to the Internal Revenue Code of 1986, 26 U.S.C., as amended and in effect in 1998, unless otherwise noted.

On September 15,1996, in response to the July notice and demand for payment, the estate submitted $28,596.88 with an offer of compromise to the IRS. On June 15, 1998, the offer was rejected by the IRS and the estate was not given credit for the money, which was eventually returned to it. On February 3,1998, the IRS accelerated the estate's tax liability under section 6166(g)(3) of the I.R.C.

The estate did not fully pay the amount assessed by the IRS, and as of October 8, 1998, the unpaid liability of the estate, including interest and penalties, was $393,703.66.

On September 4, 1998, the estate brought this action under I.R.C. section 7422(j) claiming that, by its calculations, it had paid all taxes due and demanded a redetermination.

The government moved to dismiss the estate's suit on the grounds that the United States had not waived its sovereign immunity. It based its challenge on the facts that the estate had not paid all taxes due before filing suit, had failed to remain current in its payments to the IRS and had not filed an administrative claim for refund. The estate moved for summary judgment claiming that the IRS had not properly calculated the taxes due and that the estate should have judgment on the legal merits.

In a well-reasoned opinion, the district court granted the government's motion to dismiss for lack of subject matter jurisdiction. The court first recognized that an estate that has made an election under section 6166 to pay its tax liability in installments may file an action under section 7422(j) even if the entire tax liability has

-3-

not been fully paid. The court also recognized that the estate must have paid the full amount of the tax liability before bringing the action if the IRS had accelerated any part of the estate's tax liability. The court found that the estate was required to have fully paid each installment of principal and interest due before the suit had been filed and continue to make timely payments during the pendency of the suit. The court then held that, because the estate had not fully paid all installments due at the commencement of the suit, it was jurisdictionally barred from bringing this action. The estate was further barred from suit because it had not paid installments due during the litigation and had not paid the full amount of its tax liability after acceleration by the IRS.[4]

II.

This court has jurisdiction under 28 U.S.C. § 1291 to hear the appeal from the order of the district court dismissing plaintiff's complaint. Because the district court based dismissal on its lack of subject matter jurisdiction, we review the decision de novo. Charchenko v. City of Stillwater, 47 F.3d 982-83 (8th Cir. 1995).

The United States has given its consent to be sued for refunds of federal taxes in a carefully articulated statutory scheme, otherwise sovereign immunity would bar such a suit. United States v. Brockamp, 519 U.S. 347, 350-351 (1997); Flora v. United States, 357 U.S. 63 (1958), aff'd on rehearing 362 U.S. 145 (1960). Congress has determined that district courts have original jurisdiction of "[a]ny civil action against

_____

[4]The district court also recognized that the government's alternative argument, that the estate had not filed an administrative claim for a refund prior to its suit, served to persuade the court that it lacked subject matter jurisdiction. Because neither the court nor the parties relied on this basis for decision, we will not discuss it further.

the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. . . ." 28 U.S.C. § 1346(a)(1). However, the waiver of sovereign immunity is not unconditional. In United States v. Dalm, 494 U.S. 596, 602 (1990), the Supreme Court held that in order for refund to be maintained, the taxpayer must have paid the disputed tax in full and have "duly filed" an administrative claim for a refund. See also Flora, 362 U.S. at 152-56.

If a taxpayer-estate has elected to defer the payment of taxes under section 6166, and has taken advantage of the maximum period of deferral, it would not have to fully pay its taxes for 15 years. The estate here claimed it had fully paid all its taxes at the end of the 15 year period and could bring a claim in district court for a redetermination notwithstanding the fact that the IRS had sent demand letters and had accelerated the amounts of tax due. The estate relied on I.R.C. section 7422(j), which had been added to the code by the IRS Restructuring and Reform Act of 1998. That section states generally that a district court shall not lose jurisdiction to hear a determination action solely because the full amount of the taxes have not been paid by an estate that made an election to pay in installments in accordance with section 6166.[5] However, as the

---

[5]    Section 7422 states in relevant part:
    (j)    **Special rule for actions with respect to estates for which an election under section 6166 is made**. --
        (1)    IN GENERAL.--The district courts of the United States and the United Stats Court of Federal Claims shall not fail to have jurisdiction over any action brought by the representative of an estate to which this subsection applies to determine the correct amount of the estate tax liability of such estate (or for any refund with respect

(continued...)

district court pointed out:

> [t]he Estate's argument, however, ignores completely the jurisdictional preconditions listed in § 7422(j) that are pertinent to this case. First, § 7422(j)(2)(B) requires that all installments are paid in full at the time of the taxpayer suit. I.R.C. § 7422(j)(2)(B). Since the Estate was admittedly not current in its installment payments when it filed suit in this Court, the Estate is jurisdictionally barred from litigating this action in federal court.

Further, the district court relied on the facts that the estate did not even argue that

---

[5](...continued)

> thereto) solely because the full amount of such liability has not been paid by reason of an election under section 6166 with respect to such estate.
>
> (2) **Estates to which subsection applies**.--This subsection shall apply to any estate if, as of the date the action is filed --
>
>> (A)   no portion of the installments payable under section 6166 have been accelerated;
>>
>> (B)   all such installments the due date for which is on or before the date the action is filed have been paid;
>>
>> (C)   there is no case pending in the Tax Court with respect to the tax imposed by section 2001 on the estate and, if a notice of deficiency under section 6212 with respect to such tax has been issued, the time for filing a petition with the Tax Court with respect to such notice has expired; and
>>
>> (D)   no proceeding for declaratory judgment under section 7479 is pending.

-6-

it had continued to make timely installment payments during the pendency of the litigation and that the IRS had accelerated the payment due, thus barring suit in accordance with section 7422(j)(2)(A).

The district court's holding that it lacked subject matter jurisdiction because the conditions set forth in section 7422(j) had not be satisfied is clearly correct. The reading of section 7422(j) put forward by the estate would lead to the anomalous result that an estate electing to pay its taxes in installments could withhold payment of any or all of the installments and still bring suit in district court to have a determination of taxes due. Such a result would be contrary to the carefully structured system of tax litigation and limited waiver of sovereign immunity envisioned by Congress. See Flora, 362 U.S. at 176.

For the reasons given, the judgment of the district court is  AFFIRMED.[6]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[6]Based on the holding of the court, the consideration of the other arguments of the parties is unnecessary.