# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-1066

_____

| | |
|---|---|
| Bruce A. Mead, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Intermec Technologies Corporation; | * Northern District of Iowa. |
| Short Term Disability Plan for | * |
| Employees of Norand Corporation, | * |
| | * |
| Appellees. | * |

_____

Submitted:  September 12, 2001

Filed:  November 13,  2001

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Appellant Bruce A. Mead filed claims against his former employer, Intermec Technologies Corporation (Intermec), for short-term disability benefits and also

asserted statutory claims under ERISA.[1]  The District Court[2] granted summary judgment in favor of Intermec.  Mead appeals.

We review a district court's grant of summary judgment de novo. Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 830 (8th Cir. 2000).  We may affirm on any basis supported by the record. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).  Summary judgment is appropriate when there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law.  Kells, 210 F.3d at 830 (citing Fed. R. Civ. P. 56).  Mead argues that there are material facts in dispute and that summary judgment therefore was inappropriate. We disagree and affirm.

First, we address the issue of Mead's eligibility for short-term disability benefits.  The short-term disability plan in place at Intermec provided that an employee was eligible for benefits after the employee had been "off his/her job for more than five consecutive working days" due to a medical condition.  At least once during his time of employment, Mead applied for and received short-term disability benefits due to a medical condition.  On May, 23, 1995, Mead returned to work after one of these short-term disability stints.  From this date of return until his resignation on May 31, 1995, Mead missed no more days of work.  Because he did not miss "five days of work" immediately preceding his resignation, he is not eligible for coverage. We are not persuaded by Mead's appeal that his interpretation of eligibility should prevail over the plain and ordinary meaning of the plan's language.  See Melvin v. Yale Indus. Prods., Inc., 197 F.3d 944, 947 (8th Cir. 1999).

---

[1]Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29 U.S.C. §§ 1001-1461 (1994 & Supp. IV 1998) and in scattered sections of 26 U.S.C.).

[2]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

Second, we turn to the question of the severance agreement and waiver that Mead executed at his departure on May 31, 1995. First, we note that releases of legal claims in exchange for severance benefits are enforceable under ERISA. See Mange v. Petrolite Corp., 135 F.3d 570, 571 (8th Cir. 1998); Leavitt v. Northwestern Bell Tel. Co., 921 F.2d 160, 162-63 (8th Cir. 1990). Mead does not dispute that after his resignation he signed a severance agreement and waiver of all existing claims against Intermec. The waiver was in exchange for certain severance benefits not at issue in this lawsuit and was voluntary and knowing. We agree with the District Court that the severance agreement and waiver are sufficient to dispose of Mead's claim for short-term disability benefits even if he otherwise were eligible for them.

Third, we examine Mead's argument that the District Court erred in determining that Mead's action is barred by the statute of limitations. Because ERISA contains no statute of limitations, Mead's claim is governed by the "most analogous" Iowa statute of limitations. See Duchek v. Blue Cross & Blue Shield of Neb., 153 F. 3d 648, 649 (8th Cir. 1998). The District Court found that Mead's claim fell within the Iowa Wage Payment Collection Act and was barred by the two-year statute of limitations. Iowa Code § 614.1(8) (2001). We agree.

Fourth and finally, Mead has claimed that Intermec breached a duty owed him by failing to provide him with the plan summary for the short-term disability plan in a timely manner. However, at the time that Mead requested the plan summary, he was no longer an employee of Intermec. The Supreme Court has held that a former employee is owed a duty to receive information from a former employer only if that former employee is a "participant," defined as a former employee who has a colorable claim that would prevail in a suit for benefits. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989) As we already have indicated, we agree with the District Court that Mead's claim for short-term disability benefits must fail for each of the three independently sufficient reasons discussed above. Intermec therefore did not breach a duty owed to Mead by failing to provide him with a plan

summary, since as a former employee without a colorable claim that would prevail in a suit for benefits he was not a plan participant.

We affirm the District Court's grant of summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.