# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2524

———————

Minnkota Ag Products, Inc.　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellant,　　　　 *
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the District
　　　　　　　　　　　　　　　　　　*　of North Dakota.
Norwest Bank North Dakota,　　　　　 *
National Association,　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　Appellee.　　　　　*

———————

Submitted:　March 13, 2002

Filed:　March 19, 2002

———————

Before FAGG and BEAM, Circuit Judges, and GOLDBERG,* Judge.

———————

PER CURIAM.

　　Minnkota Ag Products, Inc. (Minnkota) established a 401(k) retirement plan for its employees in 1988. Norwest Bank North Dakota (Norwest) acted as the plan's trustee until 1993, when Minnkota transferred the plan's assets to First National Bank of North Dakota (First National). As the new plan trustee, First National requested Norwest to provide the plan's accounting and federal tax records, but Norwest did not

———————

*The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

do so. In 1994, First National inspected Norwest's files, found them unorganized and incomplete, and was not able to find any of the information it had requested earlier–such as forms showing the plan's compliance with Internal Revenue Service reporting requirements. (Norwest now admits these documents and others were not available because they probably were never created.) First National then began both reconstructing past accounting records for Minnkota's 401(k) plan and evaluating Norwest's accounting methods and legal compliance (the alleged errors and violations uncovered by First National form the basis of this lawsuit). First National submitted its final report to Minnkota in 1996. Four years later, Minnkota sued Norwest, alleging Norwest had violated its ERISA-based fiduciary duty as the trustee of Minnkota's 401(k) plan. See 29 U.S.C. § 1104(a) (1994). Minnkota argued Norwest's fraud and concealment extended the three-year statute of limitations to six years after Minnkota's discovery of the breach. See 29 U.S.C. § 1113 (1994). The district court** concluded Norwest's actions did not rise to the level of fraud or concealment and granted summary judgment to Norwest. Minnkota appeals.

Minnkota contends the district court committed error in granting summary judgment on the statute of limitations issue because material facts are in dispute about whether Norwest's conduct amounted to fraud or concealment. See Mead v. Intermec Tech. Corp., 271 F.3d 715, 716 (8th Cir. 2001) (de novo review). Having considered the parties' arguments on appeal and reviewed the relevant caselaw, we agree with the district court that Norwest's "silence, unresponsiveness, stalling, [and] disorganized file maintenance," while inappropriate, fall short of the level of affirmative misrepresentation and active deception necessary to constitute fraud or concealment. See, e.g., Cont'l Assurance Co. v. Cedar Rapids Pediatric Clinic, 957 F.2d 588, 593 (8th Cir. 1992); Schaefer v. Ark. Med. Soc'y, 853 F.2d 1487, 1491-92 (8th Cir. 1988). Thus, we conclude there is no genuine issue of material fact,

---

**The Honorable Karen Klein, United States Magistrate Judge for the District of North Dakota, sitting by consent of the parties under 28 U.S.C. § 636(c).

Minnkota's claim is barred by the three-year statute of limitations, and the district court properly granted summary judgment for the reasons stated above.  We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.