# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2788

_____

Terry Proctor; Najee Muhammad    *
Mustafa,    *
   *
      Appellants,    *
   *   Appeal from the United States
      v.    *   District Court for the
   *   Eastern District of Arkansas.
Rick Toney, Warden, Varner Supermax   *
Unit, ADC; Jimmy L. Banks, Assistant   *     [UNPUBLISHED]
Warden, Varner Supermax Unit, ADC;   *
Ray Hobbs, Deputy Director, Arkansas   *
Department of Correction; Larry D.   *
May, Deputy Director, Arkansas   *
Department of Correction,   *
   *
      Appellees.    *

_____

Submitted: December 3, 2002
Filed: December 11, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

     Arkansas inmate Terry Proctor and non-prisoner Najee Muhammad Mustafa appeal the adverse grant of summary judgment in their 42 U.S.C. § 1983 (2000) action. Having carefully reviewed the record, see Mead v. Intermec Techs. Corp.,

271 F.3d 715, 716 (8th Cir. 2001) (standard of review), we affirm as to Mustafa but reverse and remand as to Proctor.

In their original and amended complaints, Proctor and Mustafa sought damages and injunctive relief from various Varner Supermax Unit (VSM) and Arkansas Department of Correction officials. They claimed violations of their federal and state rights to freedom of religion and equal protection based on the following allegations. Proctor is a follower of the Nation of Islam and Mustafa is a bookstore owner and teacher of Nation of Islam doctrine, who stated that he is an Islamic Imam and that he has a duty imposed by God and Nation of Islam teachings to minister to Proctor. Proctor and Mustafa argue that despite VSM's policy that permitted inmates on lower incentive levels[1] to receive religious material through the mail and retain as personal property two religious texts–defined as "primary" sources of religious doctrine–VSM officials refused to allow Proctor to keep his Nation of Islam texts when he arrived at VSM (hereinafter, "Equal Protection Claim"). In contrast, the defendants allowed similarly situated non-Nation of Islam inmates to retain non-Nation of Islam texts when they entered VSM. After entering VSM, the appellants also alleged that the defendants twice denied Proctor permission to receive packages containing books and a personal letter sent by Mustafa, but allowed non-Nation of Islam inmates to receive religious materials (including letters and books) through the mail. Further, they urge that non-Nation of Islam "sender entities" were treated differently than Mustafa.[2]

---

[1]VSM uses an incentive-level program whereby inmates who demonstrate good conduct are promoted to higher incentive levels with increased privileges until they reach incentive level five, at which time they become eligible for transfer from VSM.

[2]The complaints included other allegations and claims that the District Court addressed in its final order, but which appellants have not raised on appeal. See Harris v. Folk Constr. Co., 138 F.3d 365, 366-67 n.1 (8th Cir. 1998) (failure to assert in brief grounds for reversal of certain orders amounts to waiver of issues on appeal).

Defendants moved for summary judgment, arguing, inter alia, that Proctor had failed to exhaust administrative remedies as to his Equal Protection Claim as well as his claim about personal letters from Mustafa, and that Mustafa's claims should be dismissed for failure to prosecute. Proctor filed a motion to strike the claim about personal letters from Mustafa and he also filed a summary judgment response, which included his contention that the Equal Protection Claim was only a "peripheral statement." Proctor and Mustafa together moved for leave to file a second amended complaint, which would have included new bases for relief, new defendants, and new allegations about religious materials. The Magistrate Judge recommended (1) denying the motion for leave to amend; (2) granting Proctor's motion to strike the claim about the personal letters; (3) dismissing Proctor's claims without prejudice for failure to exhaust, because of the unexhausted Equal Protection Claim (the Magistrate Judge rejected Proctor's contention about the claim being only a peripheral statement); (4) dismissing, based on the merits, Mustafa's federal claims; and (5) dismissing Mustafa's state-law claims without prejudice. After being granted an extension, Proctor filed objections, and both Proctor and Mustafa moved to strike the Equal Protection Claim. After de novo review, the District Court adopted the Magistrate Judge's recommendations. The District Court also denied the pending motions as "moot."

We conclude that the District Court did not abuse its discretion in denying leave to file a second amended complaint. The motion to amend was filed well after defendants' summary judgment motion and well after the time that Proctor exhausted his grievance related to the new allegations about religious materials. Further, the new claims and defendants would have caused more delay and required added discovery. See Thompson-El v. Jones, 876 F.2d 66, 67-69 (8th Cir. 1989).

We believe, however, that the District Court inadvertently neglected to exercise its discretion as to the motion to strike the Equal Protection Claim. First, striking that claim would have cured the exhaustion defect and would have allowed the Court to reach the merits of Proctor's claims concerning his receipt of books through the mail,

-3-

which both sides had developed. Second, the Court demonstrated a willingness to strike another unexhausted claim when it adopted the Magistrate Judge's recommendation to grant Proctor's motion to strike the claim about Mustafa's letters. Thus, we reverse and remand for further consideration of the second motion to strike. Cf. Thornton v. Phillips County, Ark., 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (although complaint as originally framed was subject to dismissal for failure to state claim, plaintiff's objections to magistrate judge's report should have been treated as motion for leave to amend the complaint; cause remanded to reconsider motion).

As for the District Court's dismissal of Mustafa's federal claims with prejudice, Mustafa argues that he did not know he was required to respond to the summary judgment motion. The record shows, however, that Mustafa had notice of the pending summary judgment motion well before the District Court ruled on the motion, because he received the Magistrate Judge's report and certain information about how to object to the report or submit added evidence. Cf. Bendet v. Sandoz Pharm. Corp., 308 F.3d 907, 912 (8th Cir. 2002) ("district court may grant summary judgment sua sponte only if the 'party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted'"). As to the merits, the evidence before the District Court did not indicate that the appellees were aware that Mustafa was Proctor's spiritual advisor, that their actions were preventing Mustafa from fulfilling his divine command to serve as Proctor's religious advisor, that Mustafa was similarly situated to other "sender entities," or that Mustafa was a member of the Nation of Islam. Thus, appellees were entitled to qualified immunity--a defense they raised below--on Mustafa's federal claims. See Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002) (qualified immunity not appropriate where official violated "clearly established" law; to avoid qualified immunity "plaintiff must show a 'reasonable official would understand that what he [wa]s doing violate[d]' plaintiffs' rights"); Mead, 271 F.3d at 716 (grant of summary judgment may be affirmed on any basis supported by record). Further, because the record shows that VSM policy now allows all VSM inmates to keep as personal property two "personal" books, any claim

Mustafa asserted for injunctive relief is moot.  Cf. Granthan v. Trickey, 21 F.3d 289, 295 (8th Cir. 1994) (qualified immunity does not shield state officials from equitable relief).

Accordingly, we affirm as to Mustafa, but we reverse and remand as to Proctor for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.