# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-2010

_____

Howard Lansing Hines; Robert Monge;          *
Emil Johnson; Wardell Hicks, and on          *
behalf of all others similarly situated,     *
                                             *
                                             *
          Appellees,                         *
                                             *
                                             *
     v.                                      *     Appeal from the United States
                                             *     District Court for the
Wendell Anderson, individually and as        *     District of Minnesota.
Governor of the State of Minnesota;          *        [ UNPUBLISHED]
Kenneth Schoen, individually and as          *
Corrections Commissioner for the State       *
of Minnesota; Bruce McManus,                 *
individually and as Warden of the            *
Minnesota State Prison; James Cicero,        *
individually and as Medical Director of      *
the Minnesota State Prison; Warren           *
Lawson, individually and as Secretary        *
and Executive Officer of the Minnesota       *
State Board of Health,                       *
                                             *
          Appellants.                        *

_____

Submitted:  December 5, 2003

Filed:  December 15, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

The Minnesota Department of Corrections (MDOC) appeals the district court's denial without prejudice of its motion to terminate a consent decree. We reverse.

On May 27, 1977, the district court issued a consent decree establishing guidelines for providing medical care and treatment for inmates of the Minnesota State Prison. See Hines v. Anderson, 439 F. Supp. 12 (D. Minn. 1977). The action was brought by four individual plaintiffs, and the court found it was a "proper class action . . . maintainable on behalf of all inmates of the Minnesota State Prison who are now or may in the future be in the need of medical care." See id. at 16. The court retained jurisdiction to enforce the decree. See id. at 24. Since March 1999, the consent decree has been applied only to the Minnesota Correctional Facility at Oak Park Heights, Minnesota (MCF-Oak Park).

On August 22, 2002, the MDOC moved to terminate the consent decree under the Prison Litigation Reform Act provision for termination of prospective relief. See 18 U.S.C. § 3626(b) (prospective relief shall terminate absent finding that relief is narrowly drawn, extends no further than necessary, and is least intrusive means). A magistrate judge initially ordered service of the motion on Legal Assistance to Minnesota Prisoners (LAMP)--which had represented the plaintiff class in the initial suit, and had not been dismissed as counsel for the class--but later allowed LAMP to withdraw as counsel over MDOC's objection. On the same day, the magistrate judge recommended dismissing without prejudice MDOC's motion to terminate the consent decree, concluding that the court lacked jurisdiction in the absence of a case or controversy in which adverse interests could be properly presented. The district court adopted the magistrate judge's recommendation over MDOC's objections, and denied without prejudice the motion to terminate the consent decree.

We have jurisdiction over the district court's order refusing to dissolve an injunction, see 28 U.S.C. § 1292(a)(1), and we review de novo the district court's determination that it lacked subject matter jurisdiction, see Hansen v. United States, 248 F.3d 761, 763 (8th Cir. 2001). To entertain the motion, the district court needed to have an actual case or controversy at the time it issued its decision. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (case becomes moot when issues are no longer live or when parties lack legally cognizable interest in outcome).

We find that a case or controversy existed in this action. If MDOC's motion is granted, MCF-Oak Park inmates will lose the right to enforce the terms of the consent decree. The recent filing of contempt motions in the district court and an attempt by two MCF-Oak Park inmates to participate in this appeal demonstrate that the controversy is live. Cf. id. at 396 (live controversy over validity of Parole Release Guidelines demonstrated by prisoners moving to intervene).

Plaintiffs' lack of adequate representation to oppose the motion in the district court does not negate the existence of a case or controversy, but rather presents a procedural problem for the district court. Cf. id. at 407 (question of who is to represent class is separate from question whether case or controversy exists). Thus, we remand for the district court to appoint new counsel who "will fairly and adequately protect the interests of the class," see Fed. R. Civ. P. 23(a)(4); Pigford v. Veneman, 292 F.3d 918, 926 (D.C. Cir. 2002), and to determine whether the consent decree should be terminated.

The judgment is reversed, and the case is remanded to the district court for further proceedings in accordance with the views set forth in this opinion. The pro se motion filed in this court is denied.

_____

-3-