# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2329

_____

|  |  |  |
|---|---|---|
| Lee A. Barnes, Jr., | * | |
| | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 13, 2006
Filed: May 30, 2006

_____

Before WOLLMAN, LAY, and ARNOLD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Lee Barnes appeals the dismissal by the district court[1] of his action filed under the Federal Tort Claims Act (FTCA), *see* 28 U.S.C. §§ 1346, 2671-2680. We affirm.

Mr. Barnes owned and operated Gammon Brothers Poultry, a business that processed and packaged chickens in Missouri. Under the Poultry Products Inspection Act, 21 U.S.C. §§ 451-471, Gammon Brothers was subject to inspections by the Food Safety and Inspection Service (FSIS), an agency of the Department of Agriculture.

---

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Mr. Barnes brought this FTCA action against the United States. He claimed that the FSIS negligently inspected Gammon Brothers, issued vague and misleading noncompliance notices, failed to provide him with technical assistance, and subjected the company to unnecessary periodic shut-downs, eventually causing him to go out of business.

The government moved to dismiss Mr. Barnes's complaint for lack of subject matter jurisdiction. Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity. The court may hear the case, however, if the plaintiff shows that the government has unequivocally waived that immunity. *Cf. V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000). The FTCA waives the government's immunity in certain tort suits by providing that the "United States shall be liable [for torts] ... in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. This provision is sometimes called the "private analogue" requirement. The district court granted the government's motion to dismiss, holding that there is no private analogue of the present action under Missouri law.

The determination of whether a private analogue exists is made in accordance with the law of the place where the relevant act or omission occurred. 28 U.S.C. § 1346(b)(1). Relying on *Scottsdale Ins. Co. v. Ratliff*, 927 S.W.2d 531 (Mo. Ct. App. 1996), Mr. Barnes contends that his FTCA action may proceed because Missouri law recognizes a cause of action for negligent inspection and negligent advice. But for a defendant to be liable under those theories, it must have first owed the plaintiff a duty under Missouri law to inspect and to advise, and Missouri law imposed no such duty on the FSIS. Although the FSIS is required to follow the inspection standards established by its administrator, 9 C.F.R. § 381.4, this duty is imposed by the federal government, not by the state.

Mr. Barnes maintains that the government is nevertheless liable under Missouri's "good Samaritan" rule, a principle under which one who " 'undertakes ... to render services to another' " may sometimes be held liable for a failure to exercise reasonable care in doing so. *Stanturf v. Sipes*, 447 S.W.2d 558, 561-62 (Mo. 1969) (per curiam) (quoting Restatement (Second) of Torts, § 323). He relies on *Indian Towing Co. v. United States*, 350 U.S. 61, 61-62 (1955), in which the plaintiff brought an action under the FTCA, contending that its tugboat ran aground because the Coast Guard failed to maintain a lighthouse. The United States sought dismissal for lack of subject matter jurisdiction; because no private person operated lighthouses, the government argued that there was no private analogue of the government's conduct. The district court granted the motion, and the Fifth Circuit affirmed, *Indian Towing Co. v. United States*, 211 F.2d 886, 886 (5th Cir. 1954) (per curiam).

The Supreme Court reversed the dismissal in *Indian Towing*, holding that the FTCA's waiver of sovereign immunity did not turn on whether its conduct was uniquely governmental in nature. Instead, the question was whether a private person in like circumstances could be liable to Indian Towing. The Court found that such a person could be liable under the "good Samaritan" law: By erecting and operating the lighthouse, the Coast Guard had sought to protect mariners and their cargo. The tug operators, in turn, had come to rely on that protection. The Court observed that "under hornbook tort law ... one who undertakes to warn the public of danger and thereby induces reliance must perform his 'good Samaritan' task in a careful manner." *Indian Towing*, 350 U.S. at 64-65; *see also Appley Brothers v. United States*, 164 F.3d 1164, 1173-74 (8th Cir. 1999).

Mr. Barnes is therefore eminently correct in relying on *Indian Towing* to show that the United States is not immune from suits under the FTCA merely because it was undertaking a uniquely governmental function. But as the Court recently restated in *United States v. Olson*, 126 S. Ct. 510, 513 (2005), the relevant question is whether the government's conduct was such that a private individual under like circumstances

would be liable under state law. Here a private individual in the position of the FSIS could not be liable to Mr. Barnes under Missouri's good Samaritan rule. That rule requires that the defendant voluntarily " 'undertake[] ... to render services to' " the plaintiff. *Stanturf*, 447 S.W.2d at 561 (quoting Restatement (Second) of Torts, § 323). In other words, the good Samaritan rule comes into play only where the plaintiff is the intended beneficiary of the defendant's action. But the FSIS conducts inspections to ensure that the poultry sold to the public is sanitary, not to benefit chicken-processing plants or their owners. For that reason the federal government violated no state-law duty owed to Mr. Barnes that would permit a suit under the FTCA.

We therefore affirm the order of the district court.

_____