# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4193

———————

Philip Jean-Baptiste,      *
     *
         Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Arkansas.
United States of America,      *
     *    [UNPUBLISHED]
         Appellee.      *

———————

Submitted: March 22, 2006
Filed: June 27, 2006

———————

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Philip Jean-Baptiste (Baptiste) appeals the district court's[1] adverse grant of summary judgment in his suit under the Federal Tort Claims Act (FTCA) alleging negligent exposure to environmental tobacco smoke. We affirm, because we conclude that the only claim that Baptiste administratively exhausted failed to state a claim under Arkansas negligence law. See 28 U.S.C. § 2674 (under FTCA, United States shall be liable for torts in same manner and to same extent as private individual under

———————

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

like circumstances); <u>Washington v. Drug Enforcement Admin.</u>, 183 F.3d 868, 873 (8th Cir. 1999) (under § 2674, "'under like circumstances'" means that there must be "private analogue" in state law to government's conduct); <u>Maneth v. Tucker</u>, 34 S.W.3d 755, 758 (Ark. App. 2000) (threshold question that must be answered in negligence case is what duty, if any, defendant owed plaintiff); <u>cf.</u> <u>Barnes v. United States</u>, 448 F.3d 1065 (8th Cir. 2006) (affirming district court's dismissal of FTCA claim for negligent inspection and negligent advice, because Missouri law did not impose duty to inspect or to advise; while federal agency was required to follow federal standards, there were no similar state standards imposing any duty).

Accordingly, we affirm.

_____