# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2319

_____

Gerhardt List; Clara A. List, Guardian   *
of Theresa E. List; Peggy Hines;            *
                                  *
          Plaintiffs,          *
                                  *
Manuel Machado, Jr.,          *
                                  *
         Appellant,        *  Appeal from the United States
                                  *  District Court for the
      v.                    *  Western District of Missouri.
                                  *
County of Carroll; Nelson Heil,      *  [UNPUBLISHED]
Presiding Commissioner; Jim Stewart,   *
Commissioner, District #1; David     *
Martin, Commissioner, District #2;    *
Peggy McGaugh, County Clerk, County *
of Carroll; Associated Electric      *
Cooperative, Inc.,             *
                                  *
         Appellees.       *

_____

Submitted: May 30, 2007
Filed: June 6, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Manuel Machado appeals the district court's dismissal of the complaint he and others filed against the County of Carroll and four County officials (the County defendants) and the Associated Electric Cooperative, Inc. (AECI), alleging violations of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794; the Missouri Sunshine Law (MSL), Mo. Rev. Stat. § 610.010-.035; the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010-.137; and "civil rights and due process" (based upon alleged violations of the MSL). The district court dismissed all of the claims for lack of subject matter jurisdiction, which in effect was a dismissal without prejudice. Cf. Kahn v. Kahn, 21 F.3d 859, 862 (8th Cir. 1994) (based upon determination that district court lacked subject matter jurisdiction, no opinion was expressed as to merits of claims or whether action could be brought in state court; case remanded for dismissal without prejudice). For reversal, Machado argues that the district court erred in concluding it lacked subject matter jurisdiction over the federal claims, erred in dismissing the state law claims, and abused its discretion in denying a motion to amend the complaint.

Upon de novo review of the district court's dismissal for lack of subject matter jurisdiction, see Hansen v. United States, 248 F.3d 761, 763 (8th Cir. 2001) (standard of review), we hold the district court erred in concluding that, under Randolph v. Rogers, 170 F.3d 850 (8th Cir. 1999), it lacked subject matter jurisdiction over plaintiffs' ADA, RA, and civil rights and due process claims. In Randolph, id. at 858-59, this court did not make a finding of lack of subject matter jurisdiction, but rather held that state law was not dispositive of the federal claims.

In the present case, we nevertheless affirm the dismissal of the federal claims, but for other reasons and with modifications. See Mead v. Intermec Techs. Corp., 271 F.3d 715, 716 (8th Cir. 2001) (affirmance may be on any basis supported by record).

To the extent the ADA and RA claims against the County defendants were based upon denial of access to "closed sessions," we hold that plaintiffs failed to state a claim upon which relief may be granted. Cf. Int'l Ass'n of Fire Fighters v. City of Harrisonville, No. 06-0301-CV-W-ODS, 2006 WL 2062098 (W. D. Mo. June 19, 2006) (unpublished order) (dismissing for failure to state claim plaintiffs' claim that exclusion from city meetings was viewpoint discrimination:  where plaintiffs alleged that meetings were closed, plaintiffs were not treated differently from others because of viewpoint; plaintiffs' only recourse was with state law); see also Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998) (to establish violation under Title II of ADA or section 504 of RA, plaintiff must show (1) he is qualified individual with disability; (2) he was excluded from participation in or denied benefit of public entity's services, programs, or activities, or was otherwise discriminated against; and (3) such exclusion, denial, or discrimination was because of disability).  The dismissal of these claims is affirmed, but modified to be with prejudice.

To the extent the ADA and RA claims against the County defendants were based upon allegations of disability discrimination in connection with "public hearings," the viability of such claims, as well as the "civil rights and due process" claim against all defendants, depends (at a minimum) on whether, under the MSL, the hearings and notices in question had to be made available to the public.  That uncertain determination is within the exclusive jurisdiction of the "circuit court for the county in which the public governmental body has its principal place of business," Mo. Rev. Stat. § 610.027.1.  We therefore conclude that the federal courts should abstain from addressing these claims.  See R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 501 (1941) (where complaint raised federal claim which could have been avoided by state court's definitive ruling on state law issue, district court should have exercised "wise discretion by staying its hands"); Robinson v. City of Omaha, 866 F.2d 1042, 1043 (8th Cir. 1989) (this court may sua sponte raise the issue of appropriateness of abstention; for Pullman abstention to be appropriate, (1) controlling state law must be unclear, and (2) tenable interpretation of state law must be

dispositive of case); Coley v. Clinton, 635 F.2d 1364, 1372-73 (8th Cir. 1980) (Pullman applies where case involves unsettled question of state law which concerns important state interests and which may be resolved in such a way as to avoid need for decision of federal constitutional question). Accordingly, we affirm on abstention grounds the dismissal without prejudice of the ADA and RA claims against the County defendants related to alleged "public hearings," and the dismissal without prejudice of the "civil rights and due process" claim against all defendants. Cf. Metzger v. Village of Cedar Creek, 370 F.3d 822, 822-24 (8th Cir. 2004) (affirming district court's dismissal without prejudice for lack of subject matter jurisdiction where plaintiff's complaint alleged conspiracy to take property without just compensation in violation of federal constitution and state law, Supreme Court precedent expressly declared that property owner could not bring constitutional takings claim absent prior use of available state court procedure and denial of compensation, and plaintiff had not pursued available state court remedies).

As to the ADA and RA claims against AECI, we hold that the plaintiffs failed to state a claim upon which relief may be granted, because an alleged "quasi-governmental entity by virtue of project ownership by the County" is plainly not within the applicable definition of "public entity," see 42 U.S.C. § 12131(1) ("public entity" means, as relevant, "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government"), and because plaintiffs did not allege that AECI had received federal funds, see 29 U.S.C. § 794(a) (prohibiting disability discrimination "under any program or activity receiving Federal financial assistance"). Thus the dismissal of these claims is affirmed, but modified to be with prejudice.

We affirm the dismissal without prejudice of the MSL claim for lack of subject matter jurisdiction, in light of Mo. Rev. Stat. § 610.027.1 ("Suits to enforce sections 610.010 to 610.026 shall be brought in the circuit court for the county in which the public governmental body has its principal place of business."). As to the MHRA

claim, we affirm the dismissal without prejudice, under 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over pendent state law claims if court has dismissed all claims over which it has original jurisdiction). See Meade, 271 F.3d at 716.

Finally, we hold that the district court did not abuse its discretion in summarily denying the motion to amend the complaint. See United States ex. rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 555-59 (8th Cir.) (denial of plaintiffs' motion for leave to amend complaint is reviewed for abuse of discretion; however, underlying legal conclusion that amendment would have been futile is reviewed de novo; affirming denial of motion for leave to amend complaint on basis of futility where proposed amendments would not have eliminated complaint's deficiencies), cert. denied, 127 S. Ct. 189 (2006).

The judgment of the district court is affirmed subject to the modifications specified herein. The requests for attorneys' fees and costs, filed separately by the County defendants and AECI, are denied.

_____