KAREN E. SCHREIER, UNITED STATES DISTRICT JUDGE
Plaintiff, Warren Barse, filed a complaint against defendant, the United States of America, seeking a tax refund under 26 U.S.C. § 7422. Docket 1 at 1. The United States moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. Docket 7. Barse opposes the motion. Docket 9. For the following reasons, the court grants the United States's motion to dismiss.
*826 BACKGROUND
The facts alleged in the complaint, accepted as true, are as follows:
Barse is the owner of C & W Enterprises, Inc., (C & W) a South Dakota corporation. Docket 1 ¶ 7. In 2004, C & W entered into separate contracts with the Oglala Sioux Tribe and the South Dakota Department of Transportation (DOT). Id. ¶¶ 8, 11. At some point a dispute arose between the Tribe and C & W and the Tribe stopped making payment on its contract. Id. ¶ 9. Following this dispute, C & W failed to pay its payroll taxes on both contracts. Id. ¶¶ 10-11. On or about July 6, 2006, and August 16, 2006, the Internal Revenue Service (IRS) filed a notice of levy for funds owed to C & W on the DOT contract. Id. ¶ 13. On August 31, 2006 and September 6, 2006, additional funds owed to C & W on the DOT contract were levied and forwarded to the IRS. Id. ¶¶ 15-16.
Barse alleges that the IRS then allocated these levied funds to the outstanding tax debt due on the Oglala Sioux Tribe contract. Id. ¶ 17. Barse alleges that this was a misallocation because the levied funds were applied to tax liability on the tribal contract and not the DOT contract. Id. ¶¶ 17-19. Barse alleges he is now wrongfully subject to a tax debt that should have been satisfied by the levy had the IRS not misallocated the funds. Id. ¶ 19.
Barse objected to the application of levied funds in June of 2015. Id. ¶ 20. On December 29, 2015, the IRS disallowed Barse's objection to the IRS levies. Id. ¶ 21. Barse then filed this complaint in federal district court on December 29, 2017. Docket 1. Barse alleges that because of misallocated funds he has a tax liability of $ 186,381.01. Id. ¶ 24. Barse seeks "a declaratory order ... canceling the applicable levy" or other relief under 26 U.S.C. § 7422(a). Id. ¶ 25. The United States moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket 7.
LEGAL STANDARD
A. Subject Matter Jurisdiction
The United States moves to dismiss Barse's complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that this court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity. Docket 7-1 at 4. Sovereign immunity issues concern a court's subject matter jurisdiction, which must be addressed before reaching the merits of a claim. See FDIC v. Meyer , 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). This court must accept any well-pleaded factual allegations concerning subject matter jurisdiction as true, just as a court would under a motion to dismiss for failure to state a claim. Titus v. Sullivan , 4 F.3d 590, 593 (8th Cir. 1993). "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." Meyer , 510 U.S. at 475, 114 S.Ct. 996. "Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity." Barnes v. United States , 448 F.3d 1065, 1066 (8th Cir. 2006) ; see also United States v. Mitchell , 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The court may have subject matter jurisdiction if the plaintiff shows that the United States "has unequivocally waived that immunity." Barnes , 448 F.3d at 1066. A waiver of sovereign immunity is strictly and narrowly construed in favor of the United States, and the plaintiff bears the burden of demonstrating the waiver. See *827 Snider v. United States , 468 F.3d 500, 509 (8th Cir. 2006) (citing Lane v. Pena , 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) ); see also V S Ltd. P'ship v. HUD , 235 F.3d 1109, 1112 (8th Cir. 2000).
B. Failure to State a Claim
The United States also moves to dismiss Barse's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Docket 7-1 at 5. To decide the motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. Porous Media Corp. v. Pall Corp. , 186 F.3d 1077, 1079 (8th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Inferences are construed in favor of the non-moving party. Whitney v. Guys, Inc. , 700 F.3d 1118, 1129 (8th Cir. 2012) (citing Braden v. Wal-Mart Stores, Inc. , 588 F.3d 585, 595 (8th Cir. 2009) ).
DISCUSSION
The United States argues that Barse's claims for (a) wrongful levy, (b) declaratory relief, and (c) a credit/refund should be dismissed. Docket 7 at 1. In his response, Barse argues that his complaint "is not an action under 26 U.S.C. § 7426 challenging IRS levy rights" and instead that his "[c]omplaint seeks only relief under 26 U.S.C. § 7422...." Docket 9 at 4. Because the complaint does not refer to 26 U.S.C. § 7426 and Barse states that the relief requested is solely under 26 U.S.C. § 7422, the court will only consider whether Barse states a claim for declaratory relief or a claim for a credit or refund under 26 U.S.C. § 7422 and not whether he states a claim for wrongful levy under 26 U.S.C. § 7426.
I. Barse's Claim for Tax Credit or Refund under 26 U.S.C. § 7422(a) is Barred by Sovereign Immunity.
First, Barse seeks a tax refund, credit, or abatement under 26 U.S.C. § 7422(a). Docket 9 at 3. The United States argues that this claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Barse has failed to comply with the statutory requirements that would waive the United States's sovereign immunity. Docket 10 at 9. In his complaint, Barse alleges that this court has jurisdiction under 26 U.S.C. § 7422 and 28 U.S.C. § 1346. Docket 1 ¶ 5. Barse also argues the complaint details the necessary statutory requirements that waive the United States's sovereign immunity. Docket 9 at 6.
A federal district court has jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). "Congress has expressly waived sovereign immunity for suits against the United States by taxpayers seeking to recover tax refunds." Kaffenberger v. United States , 314 F.3d 944, 950 (8th Cir. 2003). Although 28 U.S.C. § 1346(a) permits a civil suit against the United States, this waiver of sovereign immunity is limited and requires the statute *828 be "read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." United States v. Dalm , 494 U.S. 596, 601, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). Thus, a taxpayer's suit is subject to the requirements of 26 U.S.C. § 7422(a) and 26 U.S.C. § 6511(a), which govern civil actions for a credit or refund. See Ill. Lumber & Material Dealers Ass'n Health Ins. Tr. v. United States , 794 F.3d 907, 909 (8th Cir. 2015) ("Because the United States cannot be sued without its consent, filing a timely refund claim with the IRS is a jurisdictional prerequisite to a tax refund"); see also Chernin v. United States , 149 F.3d 805, 813 (8th Cir. 1998) ("[I]t is plain that the filing of a timely refund claim with the IRS in accord with section 7422(a) is a prerequisite to maintaining a tax refund suit.").
To waive the United States's sovereign immunity, Congress first requires a taxpayer to file an administrative claim with the IRS before bringing a lawsuit in federal court. 26 U.S.C. § 7422(a) provides:
(a) No suit prior to filing claim for refund.- No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary , according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.
26 U.S.C. § 7422(a) (emphasis added). Second, Congress requires the taxpayer to file this administrative claim within the time limitations set forth in 26 U.S.C. § 6511. These time limitations provide in part:
(a) Period of limitation on filing claim.- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later , or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.
26 U.S.C. § 6511(a) (emphasis added). Thus, together "the plain language of 26 U.S.C. §§ 7422(a) and 6511 requires a taxpayer seeking a refund for ... any other unlawfully assessed tax, to file a timely administrative refund claim before bringing suit against the Government." United States v. Clintwood Elkhorn Min. Co. , 553 U.S. 1, 14, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008) (emphasis added).
Finally, Congress limited the waiver of sovereign immunity by providing a statute of limitation for taxpayers to file suit after the taxpayer receives notice from the IRS of disallowance of his or her administrative claim. 26 U.S.C. § 6532(a)(1) states:
(a) (1) General rule.- No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary *829 to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
26 U.S.C. § 6532(a)(1) (emphasis added). Thus, reading the three provisions together, a taxpayer "who has filed a timely claim for refund (under § 6511(a) ) and a timely suit for refund (under § 6532(a) ) is authorized to maintain a suit for refund in any court ( § 7422(a) ) for an 'erroneously or illegally assessed or collected' tax ( 28 U.S.C. § 1346(a)(1) )." United States v. Williams , 514 U.S. 527, 543, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).
Additionally, along with complying with the time filing requirements of an administrative claim, the taxpayer must also allege in his pleadings that he has paid the full tax liability in order to maintain the suit for the recovery of taxes. See Pagonis v. United States , 575 F.3d 809, 812-13 (8th Cir. 2009) ("[T]he Supreme Court's ruling in Flora [is] that full payment of an assessment is a prerequisite to a refund action") (citing Flora v. United States , 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) ). Thus, for this court to have subject matter jurisdiction over Barse's suit under 26 U.S.C. § 7422 for a tax credit or refund, the limited waiver of sovereign immunity for tax refund claims must apply and Barse must allege that he exhausted his administrative remedies within the proper time limitations and that the disputed tax was paid in full. See Hansen v. United States , 248 F.3d 761, 763-64 (8th Cir. 2001).
Considering these statutory requirements, Barse has failed to adequately allege facts that would allow this court to exercise jurisdiction over his claim for a credit or refund. First, Barse does not allege in his pleadings that he filed an administrative claim for a credit or refund with the IRS as required by 26 U.S.C. § 7422(a). Barse alleges that he "objected to the way in which the IRS administered and applied the levied proceeds in June of 2015." Docket 1-1 ¶ 20. But this is not an allegation that he properly submitted an administrative claim to the Secretary of the Treasury. Second, Barse has failed to plead facts sufficient to find that he filed an administrative claim with the IRS within the time limitations of 26 U.S.C. § 6511(a). Even if Barse's "objection" filed in June of 2015 constitutes an administrative claim under 26 U.S.C. § 7422(a), the claim was not filed within the statutory period required under 26 U.S.C. § 6511(a). Barse's administrative claim for a credit or refund had to be filed either within three years from the time the applicable tax return was filed, or within two years from the time the tax was paid by the plaintiff, whichever was later. See 26 U.S.C. § 6511(a). Barse alleges in the complaint that the last date of levy by the IRS was September 6, 2006. Docket 1 ¶ 16. The last tax period at issue as pleaded in Barse's complaint was March 2007. Id. ¶ 22. Based on the facts pleaded in the complaint, filing an administrative claim with the IRS in June of 2015 is beyond the statutory time period required by 26 U.S.C. § 6511(a) because Barse's administrative claim was not filed three years from the time the applicable tax return was filed in 2007, or within two years from the time the tax was allegedly paid or levied in 2006. Barse has also failed to plead that any other special period of limitation under 26 U.S.C. § 6511 applies. Thus, Barse has failed to plead that he timely filed an administrative refund to waive sovereign immunity.
Barse argues that "pre-suit notice" was given to the IRS in June of 2015, and that this complaint was brought within two years of the IRS disallowance letter, dated December 29, 2015. Docket 9 at 6. Barse argues that because his complaint was filed on December 29, 2017, Barse has *830 satisfied "the statutory elements of pre-suit notice under 26 U.S.C. § 7422(a)." Id. Although Barse has technically met the requirements of 26 U.S.C. § 6532(a)(1) and filed his complaint within two years of receiving a notice of the disallowance from the IRS, as explained above, Barse failed to properly file an administrative claim with the IRS within the time limitations of 26 U.S.C. § 6511(a). Complying with these time limitations is a requirement to maintain a suit in federal court under 26 U.S.C. § 7422(a). Thus, even if Barse complied with 26 U.S.C. § 6532(a)(1), because an administrative claim for refund or credit was not filed within the time limitations imposed by 26 U.S.C. § 6511(a), this court does not have jurisdiction. See Ill. Lumber , 794 F.3d at 909 ("[F]iling a timely refund claim with the IRS is a jurisdictional prerequisite to a tax refund lawsuit.").
Also, because Barse's complaint requests a refund, credit, or abatement under 26 U.S.C. § 7422(a), the limited waiver of sovereign immunity does not apply unless the plaintiff bringing the suit pays the disputed tax in full before the claim is filed. See Kuechenmeister v. IRS , No. 4:12-CV-4003-KES, 2012 WL 5196035, at *3 (D.S.D. Oct. 19, 2012). Here, Barse has failed to allege that he has paid in full the federal income taxes at issue. Barse alleges in his complaint that he "continues to be subject to a levy ... which should have otherwise been paid and released." Docket 1 ¶ 20. Barse also alleges that the IRS currently claims he owes $ 186,381.00. Id. ¶ 22. But nowhere does Barse allege that he has paid what is currently due to the IRS or that he is no longer subject to a tax debt or lien because he has paid his tax liability in full and is now seeking a credit or refund under 26 U.S.C. § 7422(a). The United States has consented to suit for refunds in a specific statutory scheme, otherwise sovereign immunity bars such suits. See Hansen , 248 F.3d at 763. Because Barse fails to plead that (1) he exhausted available administrative remedies within the time requirements and that (2) he paid his full assessed tax liability, Barse has failed to adequately allege facts that would allow this court to exercise jurisdiction.
Finally, Barse argues that the United States waived its reliance on the requirements of 26 U.S.C. § 7422(a) and 26 U.S.C. § 6511(a) by not raising its statute of limitation argument as an affirmative defense. Docket 9 at 6. Barse contends that it is "a ridiculous assertion" for the United States to argue that his pleadings are deficient by failing "to affirmatively set forth facts establishing that the [c]omplaint is not time barred." Id. But in a 26 U.S.C. § 7422(a) tax refund claim, a statute of limitation argument is not an affirmative defense. Instead, the filing of a timely refund claim "is a jurisdictional requirement that cannot be waived" and is properly raised in a motion to dismiss. Chernin , 149 F.3d at 813 (citations omitted); see also Santel Commc'ns Coop., Inc. v. United States , 4:08-CV-4038-KES, 2010 WL 960014, at *6 (D.S.D. Mar. 12, 2010). Thus, the United States properly raised the issue.
Because subject matter jurisdiction is lacking, the court need not consider the sufficiency of Barse's claims under Federal Rule of Civil Procedure 12(b)(6). Barse's administrative claim was untimely, and thus his complaint under 26 U.S.C. § 7422(a) is barred by sovereign immunity.
II. Barse's Claim for Declaratory Relief is barred by the Declaratory Judgment Act and the Tax Anti-Injunction Act.
Barse also seeks "a declaratory order from this court ... canceling the applicable levy." Docket 1 ¶ 25. Although Barse suggests in his response that "the *831 Complaint does not assert some general, unspecified notion of a cause of action for injunctive or declaratory relief," Barse also states that his complaint does "characterize associated relief as a judicial declaration." Docket 9 at 4. In response, the United States argues any claim that can be characterized as a request for declaratory relief should be dismissed because such claims "are barred under the federal tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201" and the "Anti-Injunction Act, 26 U.S.C. § 7421." Docket 7-1 at 7-8.
Under the Declaratory Judgment Act, this court "has no authority to grant declaratory relief 'with respect to Federal taxes.' " Kuechenmeister , 2012 WL 5196035, at *3 (quoting 28 U.S.C. § 2201 ); see also Stanbury Law Firm v. IRS , 221 F.3d 1059, 1062 (8th Cir. 2000) (suggesting that any "actions seeking declaratory judgments" regarding federal taxes are barred by the Declaratory Judgment Act). The United States's sovereign immunity from suit is further addressed in the Anti-Injunction Act, found in 26 U.S.C. § 7421(a), which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) ; see also Bob Jones Univ. v. Simon , 416 U.S. 725, 736, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) (noting that Congress was attempting to ensure "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference"); Jericho Painting & Special Coating, Inc. v. Richardson , 838 F.Supp. 626, 629 (D.D.C. 1993) (noting that the Anti-Injunction Act "extends not only to the assessment or collection of taxes, but also to the entire process involved in enforcing the revenue laws."). Although the Anti-Injunction Act includes several statutory exceptions, none have been asserted by Barse, and the court does not find any applicable here. Barse fails to plead any statute that would waive sovereign immunity for the court to have jurisdiction over his action. Thus, to the extent that Barse seeks to enjoin the collection of any outstanding federal tax liabilities or levies, or seeks declaratory relief as it pertains to federal taxes, such a suit is barred under the Tax Anti-Injunction Act and the Declaratory Judgment Act. Finally, even if the declaratory relief Barse seeks is instead construed as a request for the court to "cancel" a particular levy by way of requesting a credit or refund of previously levied funds under 26 U.S.C. § 7422(a), that claim is barred by the time limitations set forth in 26 U.S.C. § 6511(a) and for the reasons discussed at length above. Thus, the court is without jurisdiction over Barse's declaratory or injunctive request.
CONCLUSION
Barse's claim for refund or credit is barred by sovereign immunity because Barse has failed to plead that he complied with the jurisdictional prerequisites of 26 U.S.C. § 7422(a) and 26 U.S.C. § 6511(a) to properly maintain a tax refund claim in federal district court. Also, Barse's declaratory relief request is barred by the Anti-Injunction Act and the Declaratory Judgment Act. Thus, it is
ORDERED that the United States's motion to dismiss (Docket 7) is granted.