**In re CANON CAMERAS Litigation.**

**This document relates to: All Actions.**

**No. 05 Civ. 7233(JSR).**

United States District Court, S.D. New York.

Sept. 1, 2006.

**358**

Brant C. Martin, Wick Phillips, LLP, Fort Worth, TX, Gina M. Tufaro, Paul Oliva Paradis, Abbey Spanier Rodd Abrams & Paradis, LLP, New York, NY, Richard N. Kessler, Harris, Kessler & Goldstein, LLC, Chicago, IL, Jonathan K. Levine, Girard Gibbs & De Bartolomeo, LLP, San Francisco, CA, for Plaintiffs.

Richard Howard Silberberg, Robert G. Manson, Brooke E. Pietrzak, Dorsey & Whitney LLP, David Jay Stone, Greenberg Traurig, LLP, New York, NY, for Defendant.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

The plaintiffs in these consolidated cases (and proposed class action) are purchasers of various models of digital cameras manufactured by defendant. Plaintiffs allege, in essence, that these cameras suffer from various technological and physical defects and that the defendant, despite having knowledge of these defects, failed to inform the public of their existence. Specifically, in their Second Consolidated Amended Class Action Complaint (the "Second Amended Complaint"), plaintiffs highlight Canon's Digital Imaging Integrated Circuit processor technology ("DIGIC") as the primary cause of numerous of the alleged defects in these cameras.[1] On this basis, the Second Amended Complaint alleges claims for unjust enrichment, breach of the implied warranty of merchantability, and violations of New York General Business Law § 349.[2] Presently pending before the Court is plaintiffs' motion to certify a class of all those who purchased any of thirteen specified Canon digital cameras.[3]

■ Under Rule 23(a) of the Federal Rules of Civil Procedure, the threshold prerequisites to a class action are numerosity,

---

1. By way of background, the history of this action strongly suggests that it is a lawsuit in search of a basis. On May 5, 2006, just three weeks before the close of the previously extended discovery deadline, plaintiffs unsuccessfully sought permission to further amend their complaint so as to disclaim plaintiffs' previous theory and substitute a new one. After the Court denied the application, plaintiffs renewed it at an in-court conference on May 30, 2006, during which they candidly acknowledged that they now believed that many of the alleged defects were caused, not by DIGIC, but by certain mechanical defects. *See* transcript, 5/30/06, at 21–22. After the Court denied plaintiffs' motion to amend the Second Amended Complaint at such a late stage in the litigation, the plaintiffs filed a new, separate complaint alleging their new theory, and also filed a joint class certification motion in both actions as if the two cases had been consolidated. By Order dated June 2, 2006, the Court denied plaintiffs' subsequent application to consolidate the two complaints; stayed the newly filed action; and directed plaintiffs to re-file their class certification motion based solely on those claims pled in the Second Amended Complaint.

Notwithstanding the Court's order—and its oral admonition that the class certification motion should be based on only those claims fairly pled in the Second Amended Complaint, *see id.* at 34—the plaintiffs' instant motion nonetheless attempts to rely, in part, on factual allegations that were not pled in the Second Amended Complaint. Accordingly, in considering the plaintiffs' instant motion, the Court has considered only those factual allegations pled in the Second Amended Complaint.

2. By Order dated June 12, 2006, counts 2 and 5 of the Second Amended Complaint were dismissed with prejudice on consent.

3. Plaintiffs propose three subclasses: one consisting of all purchasers of a Canon PowerShot A60, A70, A75, S230, SD110, SD100, A300, A310 (the "CCD Defect subclass"); one of all purchasers of Canon PowerShot SD200, SD300, SD400 or SD500 (the "SD Defect Subclass"); and one of all purchasers of Canon PowerShot S400 manufactured prior to June 9, 2003, Canon PowerShot A60 manufactured prior to June 10, 2003, and Canon PowerShot A70 manufactured prior to June 10, 2003 (the "E–18 Defect subclass").

commonality, typicality, and adequacy of representation. Fed.R.Civ.P. 23(a). If these threshold requirements are met, plaintiffs must then establish that they meet one of the three alternative conditions of Rule 23(b), which plaintiffs here claim can be met by showing that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and ... [that] a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Common questions predominate only if plaintiffs can show that "those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized proof." *Heerwagen v. Clear Channel Comms.*, 435 F.3d 219, 226 (2d Cir. 2006).

■ Here, while the Court harbors doubts that plaintiffs have satisfied all the requirements of Rule 23(a), it need not reach that question because it is plain that they do not begin to satisfy the requirements of Rule 23(b).[4] This is the result of two deficiencies in their approach:

*First,* they have not shown that more than a tiny fraction of the cameras in issue malfunctioned *for any reason.* Specifically, in response to defendants' showing that fewer than two-tenths of one percent of the cameras here in issue have been reported as having even arguably malfunctioned, plaintiffs have been unable to adduce any evidence to the contrary but have simply asserted that the percentage of actual malfunctions is "unknowable." *See* transcript, 8/18/06, at 86–87; *see also, e.g., Heerwagen v. Clear Channel Communs.*, 435 F.3d at 232. Plaintiffs argue, however, that their failure to show that any substantial number of the putative class members purchased cameras that actually malfunctioned is irrelevant, because it is sufficient for Rule 23 purposes to simply show that most or all of the cameras in issue contained "defective" parts, *i.e.,* parts that could have resulted in malfunc-

tions. This, however, is inconsistent with the essential elements of their underlying claims:

■ Specifically, to prove their claim of breach of the implied warranty of merchantability, plaintiffs must show that the cameras "are [not] fit for the ordinary purposes for which such goods are used." U.C.C. § 2–314. Under the laws of many (and perhaps all) of the states whose laws will apply to this claim (depending on the particular class members), cameras that do not malfunction do not meet this requirement. *See, e.g., Briehl v. GMC,* 172 F.3d 623, 627–28 (8th Cir.1999) ("Since the Plaintiffs have failed to allege any manifest defect and their vehicles perform in a satisfactory manner, the District Court was correct when it dismissed the Plaintiffs' Original Complaint."); *Jarman v. United Indus. Corp.,* 98 F.Supp.2d 757, 768 (S.D.Miss.2000) ("[U]nless there is actually a failure in product performance, there is no basis at all for claiming that the plaintiff has been damaged in any way."); *Chin v. Chrysler Corp.,* 182 F.R.D. 448, 460 (D.N.J.1998) ("In most jurisdictions, the courts recognize that unless a product actually manifests the alleged defect, no cause of action for breach of express or implied warranty or fraud is actionable."); *In re Air Bag Prods. Liab. Litig.,* 7 F.Supp.2d 792, 805–06 (E.D.La.1998) (holding that "allegation of manifest injury or defect" is a "central tenet[ ]" of an implied warranty claim); *In re GMC Anti–Lock Brake Prods. Liab. Litig.,* 966 F.Supp. 1525, 1530 (E.D.Mo.1997) ("Manifestation of the defect in the vehicle, however, is a prerequisite to recovery."); *Martin v. Ford Motor Co.,* 914 F.Supp. 1449, 1456 (S.D.Tex.1996) (interpreting Texas law); *Yost v. General Motors Corp.,* 651 F.Supp. 656, 657 (D.N.J. 1986) (interpreting New Jersey law); *Ford Motor Co. v. Fairley,* 398 So.2d 216, 219 (Miss.1981).

■ Likewise, to prevail on their unjust enrichment claims, plaintiffs will have to establish that the "benefits [plaintiffs] received were less than what these purchasers bargained for." *See, e.g., Smith v. Chase Man-*

---

4. Because the plaintiffs have not requested that the Court certify a Rule 23(b)(3) class limited to any individual issue pursuant to Rule 23(c)(4)(A), the Court need not determine whether any such

certification would be here appropriate. *See Augustin v. Jablonsky,* Nos. 05–4206–cv(L); 05–4211–cv(CON); 05–4242–cv(CON), 2006 U.S.App. LEXIS 21602 (2d Cir. Aug. 24, 2006).

*hattan Bank, USA, N.A.*, 293 A.D.2d 598, 741 N.Y.S.2d 100, 103 (N.Y.App.Div.2002); *accord, e.g., In re Baycol Prods. Litig.*, 218 F.R.D. 197, 213–14 (D.Minn.2003); *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 68–69 (S.D.N.Y.2002); *Schleicher v. Schleicher,* 120 Conn. 528, 182 A. 162, 164 (1935); *S & J, Inc. v. McLoud & Co., L.L.C.*, 108 S.W.3d 765, 768 (Mo.Ct.App.2003). A plaintiff who purchases a digital camera that never malfunctions over its ordinary period of use cannot be said to have received less than what he bargained for when he made the purchase.

 Finally, to prevail on their claim under New York General Business Law § 349, plaintiffs must establish "that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank,* 95 N.Y.2d 24, 709 N.Y.S.2d 892, 731 N.E.2d 608, 611 (2000). As applied to the instant context, satisfaction of these elements would, again, require proof of malfunction.

Thus, proof of malfunction is a prerequisite to any of plaintiffs' claims, and yet they do not meaningfully contest that the class they seek to certify likely consists in overwhelming measure of owners of cameras that did not malfunction at all.

*Second,* even as to the few instances plaintiffs have adduced where members of the proposed class purchased Canon cameras that did in fact malfunction, it is undisputed that the malfunctions may have been caused by any of a variety of factors—many of which, such as customer misuse of the camera, would not result in manufacturer liability under any theory—and that determination of the actual cause of a particular malfunction would require highly individualized fact-finding. To be sure, this problem, in the abstract, may be present in many product design cases in which a class is nonetheless certified. But here, where the portion of the proposed class that even suffered malfunc-

tions appears to be tiny, plaintiffs' proposal to certify the class of all camera owners, then determine which few suffered malfunctions, and then determine which few of those few even arguably can attribute the malfunctions to the design defect here alleged, would render the class action device nothing more than a facade for conducting a small number of highly individualized cases. *See, e.g., Chin v. Chrysler Corp.,* 182 F.R.D. at 455 (D.N.J. 1998) ("Proving a class-wide defect where the majority of class members have not experienced any problems with the alleged defective product, if possible at all, would be extremely difficult."); *Feinstein v. Firestone Tire & Rubber Co.,* 535 F.Supp. 595, 603–04 (S.D.N.Y.1982) (holding that when "class members whose tires had performed as warranted would have to be identified and eliminated from the action," the action "necessarily metastasizes into millions of individual claims").

Accordingly, the plaintiffs, at a minimum, have failed to satisfy the requirements of Rule 23(b)(3) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Having also considered plaintiffs' other arguments and finding them without merit,[5] the Court hereby denies plaintiffs' motion for class certification. Counsel are reminded that any motion for summary judgment must be served and filed no later than two weeks from today, *i.e.,* by September 15, 2006, and, in any event, the parties are hereby directed to jointly call Chambers by September 15, 2006 to schedule further proceedings in this case.

---

5. Although the plaintiffs offered objections to certain of the declarations and exhibits attached to defendant's opposition to this motion, the Court finds that none of these declarations or exhibits are material to this Court's decision and, accordingly, the Court has not undertaken to rule on the objections.