# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2278

_____

John O'Neil; Jill O'Neil, on behalf of     *
themselves and all others similarly     *
situated,     *
    *
        Appellants,     *   Appeal from the United States
    *   District Court for the
    v.     *   District of Minnesota.
    *
Simplicity, Inc.; Graco Children's     *
Products, Inc.,     *
    *
        Appellees.     *

_____

Submitted: March 10, 2009
Filed: July 22, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

John and Jill O'Neil appeal from the district court's[1] dismissal with prejudice of their claims against Simplicity, Inc.,[2] and Graco Children's Products, Inc. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]Simplicity ceased doing business during the course of these proceedings and has not entered an appearance on appeal.

The O'Neils purchased an Aspen 3-in-1 crib, manufactured by Simplicity and branded with Graco's name, for use by their grandchildren during family visits to their home. One side of the crib was designed to sit at a lower height, if desired, making it easier to place a child into and remove it from the crib. This drop-side was a key component for Jill O'Neil because she is unable to lift her grandchildren over the side of the crib when it is at full height. The O'Neils used their crib without incident for approximately four years.

On September 21, 2007, the United States Consumer Product Safety Commission (CSPC) and Simplicity announced a voluntary recall of about one million cribs, including the Aspen 3-in-1. The recall was prompted by a hardware defect that made it possible for the drop-side to detach from the crib, creating a dangerous gap in which a child could get caught. The CSPC cautioned consumers, "[w]e do not want your child in that crib tonight." This defect has resulted in three infant deaths, seven non-fatal injuries, and fifty-six other reported incidents.

Simplicity and Graco refused to refund the price of the crib or repair the hardware defect, but offered to mail a retrofit repair kit at the consumer's request. Once installed by the consumer, the kit would permanently affix the drop-side to the crib frame at the full height position, thereby disabling the functionality of the drop-side. The O'Neils have stopped using the crib since the recall and have neither requested nor installed a retrofit repair kit.

On September 24, 2007, Amber Spitzer, a resident of Illinois, filed a class action complaint against Simplicity, Graco, and Target in the United States District Court for the District of Minnesota. In November 2007, Spitzer withdrew the complaint and filed a first amended complaint. Simplicity and Target filed a motion

to dismiss, after which Spitzer withdrew her pleading and voluntarily dismissed Target without prejudice.[3] On January 30, 2008, the district court granted Spitzer's motion for leave to file a second amended complaint. This pleading replaced Spitzer with the O'Neils as named plaintiffs.

The O'Neils assert eight claims in the second amended complaint. Against Simplicity, they seek a declaratory judgment that Simplicity is required to repair or replace the crib under the limited warranty. They also assert a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., and breach of express warranty. Against both Simplicity and Graco, the O'Neils allege breach of implied warranty, unjust enrichment, and claims under three Minnesota consumer protection statutes. The O'Neils purport to represent a class of "all persons in Minnesota who purchased" a recalled Simplicity/Graco crib, excluding any individual who suffered a personal injury as a result of the allegedly defective crib.

The district court granted Simplicity's and Graco's motions to dismiss, concluding that the O'Neils failed to state a claim upon which relief could be granted, and denied them leave to file yet another amended complaint.

## II.

We review *de novo* the district court's dismissal of an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Briehl v. General Motors Corp., 172 F.3d 623, 627 (8th Cir. 1999). We accept the factual allegations of the complaint as true, but the allegations must supply sufficient "facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

---

[3]Graco was never served with either the original complaint or the first amended complaint.

"It is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own." Briehl, 172 F.3d at 628 (quoting Weaver v. Chrysler Corp. 172 F.R.D. 96, 99 (S.D.N.Y. 1997)) (internal quotations omitted). The O'Neils allege that defendants' cribs are defective because the drop-side can separate from the crib frame. They do not allege, however, that such a separation has ever occurred in their crib. This omission is fatal to their case.[4] It is not enough to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product actually exhibited the alleged defect. See Cole v. General Motors Corp., 484 F.3d 717, 729 (5th Cir. 2007) (summarizing cases (including Briehl) that require such an allegation); In re Canon Cameras, 237 F.R.D. 357, 360 (S.D.N.Y. 2006) (noting that proof of a malfunction is a prerequisite to any of plaintiffs' claims). "Where, as in this case, a product performs satisfactorily and never exhibits an alleged defect, no cause of action lies." Briehl, 172 F.3d at 628.

The O'Neils attempt to distinguish Briehl by arguing that the product at issue in Briehl was not actually defective. The plaintiffs in Briehl complained that the operation of their vehicles' brakes was counterintuitive, causing drivers to respond in a dangerous manner. 172 F.3d at 626. They specifically excluded any claims for personal injury or property damage resulting from the unusual braking system. Id. at 628. That the brakes in Briehl functioned just as the manufacturer intended had no effect on the holding. The plaintiffs alleged that their vehicles "suffer from defects," an allegation that was taken as true. Id. at 627. Their claim failed, however, because the defects had not manifested in plaintiffs' vehicles. Id. at 628-29. The same is true here.

---

[4]Additionally, the O'Neils have not pled sufficient facts to warrant injunctive relief under the three Minnesota statutes on which they rely. Their second amended complaint does not allege that Simplicity and Graco are continuing to manufacture, market, or sell cribs with the alleged defect, and therefore, there is no activity to enjoin.

The O'Neils insist, however, that they have not received the benefit of the bargain: they paid for a drop-side crib and now they do not use the crib because the drop-side is not safe. Further, they cannot avail themselves of the retrofit kit because it disables the drop-side function and renders the crib useless, at least with regard to Jill O'Neil. Thus, they contend that they have suffered an economic injury, and they seek to recover the difference in price between a crib with a functional drop-side and a crib without.

The problem with this argument is that, because the O'Neils' crib has not exhibited the alleged defect, they have necessarily received the benefit of their bargain. The O'Neils purchased a crib with a functioning drop-side and that crib continues to have a functioning drop-side. Their bargain with Simplicity and Graco did not contemplate the performance of cribs purchased by other consumers.

This case is similar to other no-injury cases, in that the O'Neils have attempted to refashion what is at its core a no-injury products liability suit into a suit based in contract. See Rivera v. Wyeth-Ayerst Labs., 283 F.3d 315, 320 (5th Cir. 2002) (noting that "plaintiffs's attempt to recast their product liability claim in the language of contract law" created confusion). This refashioning was necessitated by the nature of their suit because economic loss—the only loss that they could reasonably claim—is only "recoverable in contract, if at all." Minneapolis Soc'y of Fine Arts v. Parker-Klein Assocs. Architects, Inc., 354 N.W.2d 816, 821 (Minn. 1984), *overruled on other grounds*, Hapka v. Paquin Farms, 458 N.W.2d 683, 687 (Minn. 1990). But this case does not lend itself to contractual claims because Simplicity and Graco have not failed to deliver what was promised. The O'Neils' suit rests instead on

> the same [allegation] as in a traditional products liability case: the defendant produced or sold a defective product and/or failed to warn of the product's dangers. . . . The striking feature of a typical no-injury class is that the plaintiffs have either not yet experienced a malfunction

because of the alleged defect or have experienced a malfunction but not been harmed by it.

Coughlan v. Wellcraft Marine Corp., 240 F.3d 449, 455 n.4 (5th Cir. 2001).

In Coughlan, the plaintiffs were promised an all-fiberglass boat, but received a boat made of both fiberglass and plywood. 240 F.3d 449. Accordingly, the Fifth Circuit held that the plaintiffs had alleged a claim upon which relief could be granted because they did not receive the benefit of their bargain. Id. No-injury suits such as this one, however, are routinely dismissed for failure to state a claim. See In re Bridgestone/Firestone, Inc., 288 F.3d 1012, 1017 (7th Cir. 2002) (noting that "most states would not entertain" no-injury products liability cases); Coughlan, 240 F.3d at 455 n.4 (noting that "the no-injury approach to product litigation has been rejected in several recent decisions"); Briehl, 172 F.3d at 630 (concluding that "[a]n overwhelming majority of courts have dismissed these unmanifested defect claims"). The O'Neils' crib performs just as it was intended, and thus there is no injury and no basis for relief.

II.

The O'Neils appeal from the district court's denial of their request for leave to amend their second amended complaint. We review for abuse of discretion the district court's decision to deny leave to amend a complaint. United States v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005). "Although leave to amend shall be freely given when justice so requires, see Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." Id. (citing Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2003)) (internal quotations omitted).

The O'Neils did not submit a proposed amended pleading to the district court. Instead, they noted in their response to Graco's motion to dismiss that "[i]f additional

detail is desired, Plaintiffs respectfully request leave to amend as directed by the Court." The District of Minnesota's Local Rule 15.1 requires a plaintiff to submit a proposed amended pleading with a motion to amend the complaint. A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules. Drobnak v. Andersen Corp., 561 F.3d 778, 787 (8th Cir. 2009) (citing Meehan, 312 F.3d at 914).

Further, the district court concluded that the time had come to put this case to rest. The O'Neils had the opportunity to file three versions of their complaint. Notably, they were made aware of the fatal flaw in their allegations before they filed their second amended complaint as Simplicity and Target relied on Briehl in their motion to dismiss. The O'Neils made a tactical decision to file a no-injury case and specifically exclude all customers who were injured by the cribs. Not only is it unlikely that they would now allege that the cribs owned by the O'Neils and other class members manifested the defect, but it would not be fair to the defendants to allow such a significant change to the justification for their claims at this late stage. See Briehl, 172 F.3d at 630 (noting that the plaintiffs "cannot advance a new theory of the case" post-dismissal). Accordingly, the district court did not abuse its discretion in concluding that "three bites at the pleading apple" was sufficient in this case.

The judgment is affirmed.

_____