# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2715

_____

Local 38N Graphic Communications
Conference/IBT,

        Appellant,

        v.

St. Louis Post-Dispatch, LLC,
a Missouri Corporation,

        Appellee.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: January 11, 2011
Filed: May 13, 2011

_____

Before WOLLMAN, LOKEN, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Local 38N Graphic Communications Conference/IBT (Local 38N) appeals from the district court's[1] dismissal of its complaint for failure to state a claim. We affirm.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

## I. Background

Local 38N represents the employees of St. Louis Post-Dispatch, LLC (Post-Dispatch). Local 38N and Post-Dispatch entered into two collective bargaining agreements covering retiree healthcare benefits that contained dispute resolution procedures. The first agreement was effective from November 1994 through April 2002 (the 2002 Agreement). The second agreement was effective from April 2002 through April 2006 (the 2006 Agreement). In both agreements, Article XI, Section 4 provides that "[g]rievances which arise under this Agreement but which are based on events which occur after its termination are expressly excluded from the jurisdiction of the arbitrator."

In October 2008, Post-Dispatch unilaterally modified certain retirees' healthcare coverage by increasing the premiums for employees who retired during the term of the 2002 Agreement. Local 38N filed a grievance for the matter. Post-Dispatch refused to arbitrate, whereupon Local 38N brought suit to compel arbitration pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. § 1337. Post-Dispatch moved to dismiss the amended complaint. Before the district court ruled on the motion, Post-Dispatch again unilaterally modified the healthcare coverage, eliminating it for Medicare-eligible retirees and requiring those retirees who were not Medicare-eligible to pay 100% of the healthcare premium. Local 38N filed another grievance for the retirees who had retired under the 2002 and 2006 Agreements and amended its first amended complaint to include this grievance. Post-Dispatch moved to dismiss the second amended complaint.

The district court dismissed the second amended complaint, concluding that the matters were not arbitrable because they occurred after the agreements terminated and were thus not within the scope of arbitrability as defined in Article XI, Section 4. Local 38N asserts that the disputes must be arbitrated. It contends that the temporal limitation in the agreements' arbitration provisions is a procedural question and

whether the agreement had terminated is a question of validity. Both matters, it contends, are subject to arbitration.

## II. Discussion

We review *de novo* the district court's grant of a motion to dismiss an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). O'Neil v. Simplicity, Inc., 574 F.3d 501, 503 (8th Cir. 2009). We accept Local 38N's factual allegations as true, but the allegations must supply facts sufficient to state a claim that is plausible on its face. Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

An arbitration clause may establish a presumption of arbitrability, but the presumption may be overcome by an express provision excluding a particular grievance from arbitration or by persuasive evidence of a purpose to exclude the claim from arbitration. AT & T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 650 (1986) ("[T]here is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960))). Whether a party agreed to arbitrate a particular dispute is a question of substantive arbitrability within the exclusive discretion of the courts. See id. at 649; see also Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 516 F.3d 695, 699-701 (8th Cir. 2008). Issues of procedural arbitrability are within an arbitrator's discretion, including waiver, delay, or a similar defense to arbitrability. See Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers, Shopman's Local 493 v. EFCO Corp. & Constr. Prods., 359 F.3d 954, 956 (8th Cir. 2004).

Local 38N asserts that nothing within the 2002 and 2006 Agreements rebuts the presumption favoring arbitration.  Local 38N relies on <u>Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO</u>, arguing that the presumption of arbitrability, along with the broad definition of grievances, requires that arbitration must occur in this case.  430 U.S. 243, 252-53 (1977) ("However, even though the parties could have so provided, there is nothing in the arbitration clause that expressly excludes from its operation a dispute which arises under the contract, but which is based on events that occur after its termination.").  The arbitration clause in <u>Nolde</u>, however, did not include an express exclusion of certain grievances.  Unlike the arbitration clause in <u>Nolde</u>, the 2002 and 2006 Agreements expressly exclude from arbitration all grievances that arise under the agreement that are based on events which occur after its termination.  J.A. 20, 50 ("Grievances which arise under this Agreement but which are based on events which occur after its termination are *expressly excluded* from the jurisdiction of the arbitrator." (emphasis added)).  Accordingly, we conclude that <u>Nolde</u> is inapposite to our interpretation of the scope of the arbitration provision.

Local 38N asserts that the temporal limitation on the duty to arbitrate in the agreements is procedural and must be submitted to an arbitrator.  <u>See</u> <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 84 (2002).  It contends that the limitation is indistinguishable from the temporal limitation in <u>Howsam</u>, which provided that "no dispute shall be eligible for submission to arbitration where six (6) years have elapsed from the occurrence or event giving rise to the dispute."  <u>Id.</u> at 81 (alterations, citation, and internal quotation marks omitted).  The <u>Howsam</u>'s limitation is procedural, <u>id.</u> at 85, and analogous to a statute of limitation, not a substantive question of whether a dispute is within the scope of the matters the parties previously agreed to arbitrate.  The temporal limitation in Article XI, Section 4, defines which disputes are within the scope of the arbitration agreement, not within what period of time the dispute must be brought for arbitration.  Thus, the temporal limitation in Article XI, Section 4, is substantive, not procedural.

Whether a particular type of grievance is within the parties' agreement to arbitrate is the court's responsibility to decide, unless clearly and explicitly reserved for an arbitrator. See id. at 84 ("Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court."). Local 38N seeks to arbitrate disputes that arose based on events that occurred after the agreements terminated. We agree with the district court that these disputes are beyond the scope of the matters the parties previously agreed to arbitrate. See United Steelworkers, 363 U.S. at 582 ("For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). Accordingly, we conclude that the district court properly dismissed Local 38N's motion to compel arbitration because it failed to state a claim that was plausible on its face.[2]

Finally, Local 38N contends that Post-Dispatch's position that the agreements have terminated is actually a challenge to the validity of the agreements and thus requires arbitration. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449 (2006) ("We reaffirm today that, . . . , a challenge to the validity of the contract

---

[2]Local 38N contends that the retiree healthcare rights were vested and that vested rights provide an independent ground to compel post-expiration arbitration. In Litton, the Supreme Court interpreted an unlimited arbitration provision as permitting post-expiration arbitration for rights that had arisen under the agreement and had vested or accrued. Litton Fin. Printing Div. v. NLRB, 501 U.S. 190, 205-06 (1991). Post-Dispatch asserts that the retiree health benefits had not vested, that the benefit provisions were limited to the duration of the agreement, and that the arbitration clauses exclude post-expiration arbitration. Crown Cork & Seal Co., Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 501 F.3d 912, 918 (8th Cir. 2007). The district court did not reach the issue of vested rights because it determined that the 2002 and 2006 Agreements' arbitration provisions expressly excluded the disputes and that the agreements' arbitration provisions were distinguishable from the unlimited arbitration provision in Litton. Because we also conclude that Local 38N's disputes are expressly excluded from the scope of arbitrable matters, we need not reach this issue.

as a whole, and not specifically to the arbitration clause, must go to the arbitrator."). Moreover, Local 38N asserts that the date at which the agreements terminated is uncertain and thus an issue for arbitration. See N.J. Bldg. Laborers Statewide Benefits Fund v. Am. Coring & Supply, 341 F. App'x 816, 820 (3d Cir. 2009) (unpublished) (requiring arbitration to determine whether employer successfully invoked termination clause because parties contested termination date). Post-Dispatch asserts that rather than contesting the agreements' validity, it is seeking to enforce the agreements' provisions. Post-Dispatch asserts that Local 38N conceded in its second amended complaint that the 2002 Agreement terminated on April 17, 2002 and that the 2006 Agreement terminated on April 1, 2006, and argues that it would be a "meaningless exercise" to refer these issues to an arbitrator. We agree. Accordingly, we reject Local 38N's contention that it is necessary to submit to an arbitrator the issue of the agreements' termination dates.

III. Conclusion

The judgment is affirmed.

_____
