# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3584

_____

Andrew Ellis; Harriet Ellis

*Plaintiffs - Appellants*

v.

City of Minneapolis, a municipal corporation; John and Jane Does 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 12, 2013
Filed: July 12, 2013
[Unpublished]

_____

Before LOKEN, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

Appellants Andrew and Harriet Ellis owned a rental property in Minneapolis that suffered extensive damage from a fire on January 10, 2006. The City of Minneapolis ("the City") sought to demolish the property after the fire, but postponed the demolition because Andrew Ellis said he would rehabilitate the property. When Ellis failed to begin rehabilitation in a timely fashion, the City declared the property

a nuisance and the City Council voted to demolish the property. The property was demolished in June 2006. The Ellises appealed the demolition to the City and subsequently to the Minnesota Court of Appeals. The court of appeals initially remanded for further findings, but when the Ellises appealed the demolition order a second time, the court affirmed the City's actions. *Ellis v. City of Minneapolis*, No. A07-2440, 2009 WL 113256 at *1 (Minn. Ct. App. Jan. 20, 2009).

The Ellises filed a pro se complaint in federal district court on January 9, 2012, asserting claims against the City for negligence and violations of the Federal Fair Housing Act ("FHA"), Minnesota state building code, and due process. They also sought injunctive relief under the FHA. The City moved to dismiss the complaint for failure to state a claim or, in the alternative, for a more definite statement. Andrew Ellis wrote to the district court prior to the scheduled hearing on the motion to dismiss and requested that the hearing be cancelled, stating "I respectfully stand on my pro-se pleadings." The district court cancelled the hearing and took the matter under advisement. One week later, Andrew Ellis wrote another letter to the district court, this time asking for leave to amend the complaint. The letter did not include a copy of the proposed complaint.

On August 15, 2012, the district court dismissed the Ellises' complaint. The district court found the FHA claims time-barred and subject to dismissal for failure to state a claim. The Ellises then filed a Rule 59(e) motion to alter, amend, or vacate the judgment. The Ellises argued that the district court erred by failing to mention Andrew Ellis's second letter in its order, by denying leave to amend, by granting the City's motion to dismiss instead of the motion for a more definite statement, and by concluding there were no ongoing FHA violations pleaded. The district court denied the Rule 59(e) motion. The district court concluded that no motion to amend was ever properly before the court and any amendment of the complaint would be futile. On appeal, the Ellises challenge the dismissal of their FHA claims, the denial of leave to amend, and the denial of their Rule 59(e) motion.

After reviewing *de novo* the City's motion to dismiss the complaint, we affirm the dismissal. The complaint failed to state a claim under the FHA. Although we must assume all the factual allegations in the complaint to be true and construe them in the light most favorable to the plaintiff, a complaint must contain more than conclusory allegations to survive a motion to dismiss. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). While courts liberally construe pro se complaints, pro se litigants must still allege sufficient facts to state a plausible claim for relief. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). The Ellises' complaint fails to state an FHA claim because it merely recites the elements of an FHA cause of action without alleging specific facts to support the plausibility of the claim. Additionally, even if the Ellises' FHA claims had been sufficiently pleaded, they would nonetheless be time-barred. *See* 42 U.S.C. § 3613(a)(1)(A). The only specific factual events alleged in the complaint, the fire and the demolition, both occurred in 2006. The complaint was filed in 2012, well after the two-year limitations period for filing FHA claims had run. Furthermore, the complaint did not sufficiently allege any ongoing FHA violations.

We also conclude that the district court did not abuse its discretion in denying the Ellises' requests to amend their complaint. The Ellises assert they made two such requests. First, the Ellises' memorandum in opposition to the motion to dismiss stated, "In the alternative, the Plaintiff seeks leave to amend his complaint in order to cure pleading deficiencies should the court rule his complaint does not comply with the standards required for plausibility pleading." Andrew Ellis's second letter to the court also requested "permission to amend [the] complaint." As the district court noted, it never received a proper motion to amend the complaint. In both instances, the Ellises failed to comply with the local rule governing motions to amend, which required the submission of a copy of the proposed complaint as well as a redlined copy highlighting the changes. D. Minn. L.R. 15.1. We have repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the

-3-

proposed complaint. *See, e.g.*, *O'Neil v. Simplicity, Inc.* 574 F.3d 501, 505 (8th Cir. 2009); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002).

Finally, we conclude that the district court did not abuse its discretion in denying the Ellises' Rule 59(e) motion. A Rule 59(e) motion serves a limited function: "correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation and citation omitted). As explained above, there were no errors of law in need of correction. In their Rule 59(e) motion, the Ellises also sought post-judgment amendment of the complaint. Such motions are disfavored. *See Morrison Enters., L.L.C. v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011). Furthermore, the Ellises again failed to comply with local procedural rules by omitting a redlined copy outlining the proposed changes to their complaint. The district court therefore did not abuse its discretion by denying the Rule 59(e) motion and denying post-judgment leave to amend.

Affirmed.

_____