# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-2683

———————————————

Norma Sorace, Administratix of the Estate of Melanie Sorace, deceased; Jahneva
Cannaday, deceased; Guardian for Dominique Harris and Tamara Sorace

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

——————

Appeal from United States District Court
for the District of South Dakota - Pierre

——————

Submitted: March 12, 2015
Filed: May 27, 2015

——————

Before WOLLMAN and COLLOTON, Circuit Judges, and WHITE,[1] District
Judge.

——————

WHITE, District Judge.

————————————————

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern
District of Missouri, sitting by designation.

Norma Sorace ("Sorace"), Administratix of the Estates of Melanie Sorace and Jahneva Cannaday, a minor, filed suit against the United States of America alleging a claim under the Federal Tort Claims Act ("FTCA") based upon a drunk-driving accident on the Rosebud Sioux Indian Reservation in South Dakota. Melanie Sorace and Jahneva Cannaday were killed when an intoxicated Shad Dillon ("Dillon") crashed his pickup into a vehicle driven by Melanie Sorace. Sorace alleges that the Rosebud Sioux Tribe's Police Department ("RST PD") was negligent in failing to locate and arrest Dillon prior to the accident. The United States of America ("United States") filed a motion to dismiss, which the district court[1] granted. Sorace appeals, and we affirm.

## I.

On June 30, 2011, Dillon was driving on a highway running through Antelope, South Dakota. Dillon was intoxicated and speeding. Dillon's pick up truck struck Melanie Sorace's car as she proceeded through an intersection with the highway. Melanie Sorace and her daughter, Jahneva Cannaday, were killed, and two of Melanie Sorace's other children were injured. Dillon pleaded guilty to Involuntary Manslaughter in violation of 18 U.S.C. §§1153 and 1112 and was sentenced to 40 months in prison.

Sorace, as Administratix of Melanie Sorace and Jahneva Cannaday's estates and guardian of the injured children, filed a negligence claim under the FTCA against the United States. Sorace alleged that the RST PD was operating pursuant to a contract entered into under 25 U.S.C. §450f, *et seq*.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), the United States filed a motion to dismiss Sorace's complaint. First, the United States argued

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

that, under South Dakota law, no legally actionable duty of care was owed to Melanie Sorace and her children to control the misconduct of Dillon. The United States further argued that even if South Dakota's "special duty" exception to the public duty doctrine applied, Sorace failed to allege sufficient facts to state a claim upon which relief could be granted. In response, Sorace filed a memorandum with factual affidavits, but did not file a motion to amend the complaint or to convert the motion to one for summary judgment. The district court, assuming that the RST PD had actual knowledge of Dillon's dangerous driving, held that Sorace failed to allege sufficient facts suggesting a special relationship between the parties and dismissed Sorace's complaint for failure to state a claim.

## II.

We review *de novo* the district court's dismissal of an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009) (citing *Briehl v. General Motors Corp.,* 172 F.3d 623, 627 (8th Cir. 1999)). We accept the factual allegations of the complaint as true, but the allegations must supply sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

The FTCA waives the government's immunity in certain tort suits by providing that the "United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. This provision is sometimes called the "private analogue" requirement. *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006). The determination of whether a private analogue exists is made in accordance with the law of the place where the relevant act or omission occurred. *Id.* (citing 28 U.S.C. § 1346(b)(1)). Section 1346(b)'s reference to "law of the place" means the law of the State, not any tribal reservation, provides the source of substantive liability under the FTCA. *LaFromboise v. Leavitt*, 439 F.3d 792, 795 (8th Cir. 2006). Therefore, we hold that

the district court correctly determined Sorace had to demonstrate the existence of an actionable claim under South Dakota law to state a claim under the FTCA.

The district court outlined two choices under South Dakota law for the private analogue under the FTCA.[2] The district court noted that where the alleged negligent act involves conduct peculiar to law enforcement, identifying the appropriate private analogue can be difficult. Under either the negligence standard for a private citizen or the public duty rule, Sorace failed to allege facts sufficient to state a claim for which relief should be granted.

For a private citizen, the analogue for an FTCA claim under South Dakota state law is a negligence claim, which requires proof of duty, breach of that duty, proximate and factual causation, and actual injury. *Hewitt v. Felderman*, 2013 S.D. 91, ¶16, 841

---

[2] Several courts of appeals have applied a state's public-duty rule when considering claims under the FTCA. *See Stratmeyer v. United States*, 67 F.3d 1340, 1347-48 (7th Cir. 1995) (USDA veterinarian did not owe special duty to cattle lessees to quarantine all of the cattle at supplier's farm because there was no evidence of any relationship between them); *Crider v. United States*, 885 F.2d 294, 298 (5th Cir. 1989) (United States Park Service rangers owed no duty to arrest a drunk driver who later injured plaintiff in a car accident); *Gelley v. Astra Pharm. Products, Inc.*, 610 F.2d 558, 561 (8th Cir. 1979) (no special duty created when the government allowed a company to market an allegedly misbranded drug). In *United States v. Olsen*, the Supreme Court reaffirmed that a court must "look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability under the FTCA 'in the performance of activities which private persons do not perform.'" 546 U.S. 43, 46 (2005) (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)). Since *Olsen*, at least one district court has held that "[t]he 'public duty' doctrine has no application to an FTCA action, however. Whether or not state or local law enforcement officers would be liable under state law on the same or analogous facts is irrelevant under the [FTCA]." *Lumsden v. United States*, 555 F. Supp. 2d 580, 595 (E.D. N.C. 2008); *see also Durden v. United States*, 736 F.3d 296, 301 (4th Cir. 2013) (Army did not breach its duty as landlord to protect resident from rape by Army servicemen). We need not determine whether the public duty rule applies to a FTCA claim, however, because Sorace's complaint fails to allege sufficient facts under either the negligence standard for a private citizen or the public duty rule.

N.W.2d 258, 263. The existence of a duty in a negligence claim is a question of law. *Kirlin v. Halverson*, 2008 SD 107, ¶28, 758 N.W.2d 436, 448 (quoting *State Auto Ins. v. B.N.C.*, 2005 SD 89, ¶20, 702 N.W. 2d 379, 386).

Generally, South Dakota law imposes no affirmative duty to prevent the misconduct of third parties. *Kirlin*, 2008 SD 107, ¶30, 758 N.W.2d at 448; *Walther v. KPKA Meadowlands Ltd. P'ship*, 1998 SD 78, ¶17, 581 N.W.2d 527, 531. South Dakota, however, may find that a duty exists to prevent the misconduct of a third party, if the plaintiff shows (1) the existence of a special relationship between the parties, and (2) the third party's injurious act was foreseeable. *Kirlin*, 2008 SD 107, ¶31, 758 N.W.2d at 448-49. In the complaint, Sorace alleged that the RST PD was negligent for failing to stop Dillon's vehicle. Sorace failed to allege a special relationship as required for a negligence claim under South Dakota law. The district court properly dismissed Sorace's complaint for failure to state a claim for negligence.

Even if the Court does not apply the negligence standard for a private citizen, Sorace's complaint also failed to state a claim under the public duty rule. Under South Dakota law, the public duty rule "provides that the police owe a duty to the public at large and not to an individual or smaller class of individuals." *Walther*, 1998 SD 78, ¶17, 581 N.W.2d at 531. South Dakota also has a "special duty" exception to the public-duty rule, which "recognizes that there may be some situations where it is found a duty is owed to a particular class of persons separate from that owed to the general public." *Walther*, 1998 SD 78, ¶18, 581 N.W.2d at 532. The South Dakota Supreme Court adopted the following four-part test to determine whether a special duty exists: (1) actual knowledge of the dangerous condition; (2) reasonable reliance by persons on the state's representations and conduct; (3) an ordinance or statute that sets forth mandatory acts clearly for the protection of a particular class of persons rather than the public as a whole; and (4) failure by the state to use due care to avoid increasing the risk of harm. *Tipton v. Town of Tabor (Tipton I)*, 538 N.W. 2d 783, 787 (S.D. 1995) (applying the test from *Cracraft v. City of St. Louis Park*, 279 N.W.

2d 801, 806-07 (Minn. 1979)).  Actual knowledge of a dangerous situation alone is insufficient to establish a special duty.  *Tipton v. Town of Tabor (Tipton II)*, 1997 SD 96, ¶28, 567 N.W.2d 351, 364.

The district court applied the four part test from *Tipton I* to determine whether the RST PD owed a "special duty" to Melanie Sorace and her children.  The district court assumed for purposes of the motion to dismiss that the RST PD had actual knowledge of Dillon's drunk driving, but held that none of the other *Tipton* factors were present.  We agree with the district court that Sorace did not allege and cannot allege any of the other *Tipton* factors.

First, Sorace has not alleged any reasonable reliance by Melanie Sorace.  For reasonable reliance to have occurred, Sorace must have alleged that Melanie Sorace "depended on specific actions or representations" which caused her to "forgo other alternatives of protecting" herself.  *Tipton II*, 1997 SD 96, ¶31, 567 N.W.2d at 364-65 (citations omitted).  The complaint contains no allegation that Melanie Sorace relied on any statement from the RST PD, knew that Dillon was driving while intoxicated, or contacted the police prior to the accident.  Instead, Sorace relies on allegations that third parties contacted the RST PD to report Dillon's behavior.  Sorace maintains that the statements made to third parties constitutes reasonable reliance when the victims were damaged by the danger that was promised to be remedied.  However, Sorace's reliance on statements made to third parties is misplaced.  All of the assurances in the cited cases were made to the persons injured or to the minor victims' parents, not to third persons.  *See Champagne v. Spokane Humane Society*, 737 P.2d 1279, 1284 (Wash. Ct. App. 1987) (on the day before the attack, the Society assured the parent of the child later injured that the area would be patrolled); *De Long v. Erie Cnty.*, 457 N.E.2d 717, 721 (N.Y. 1983) (emergency dispatcher told victim reporting burglary that police would come "right away"); *Sorichetti by Sorichetti v. City of New York*, 482 N.E.2d 70, 76 (N.Y. 1985) (police department created the "clear impression" that "some action would be taken" to enforce the order of protection).

In an attempt to demonstrate reasonable reliance, Sorace refers to the affidavit of Elizabeth Bordeaux, Dillon's ex-girlfriend. Bordeaux attested that she contacted the RST PD on the day of the accident to report that Dillon was driving intoxicated, and the dispatcher told her that "action would be taken." While this information may assist in a finding that the RST PD had actual knowledge of the dangerous condition, it does not provide any evidence of reasonable reliance on the part of Melanie Sorace. Under South Dakota law, promises to third parties are insufficient to demonstrate reasonable reliance. *Tipton II*, 1997 SD 96, ¶32, 567 N.W.2d at 365 ("Reliance must be based on personal assurances."); *Walther*, 1998 SD 78, ¶28, 581 N.W.2d at 533 ("no personal assurances" to a domestic violence victim from the police that she would be protected); *Pray v. City of Flandreau*, 2011 SD 43, ¶13, 801 N.W.2d 451, 455 (woman who fell when a dog broke loose from its owner provided "no evidence that she relied on specific actions or representations of the city, which caused her to forego other alternatives of protecting herself"). Likewise, a general belief by others that a proposed danger would be remedied is also not sufficient. *Tipton II*, 1997 SD 96, ¶33, 567 N.W.2d at 365 ("Trusting upon some feeling they would be safe wherever they went in Tabor is perhaps comprehensible; however, it does not rise to the level of reliance causing them to forgo self-precaution."); *Walther*, 1998 SD 78, ¶28, 581 N.W.2d at 533 (victim's "general statement that she somehow relied on the system is not enough"). Bordeaux's alleged contact with the RST PD is not enough to show reasonable reliance by Melanie Sorace.

The third factor of South Dakota's special-duty test "'permits recovery against a government entity for negligent failure to enforce its laws only when there is language in a statute or ordinance which shows an intent to protect a particular and circumscribed class of persons.'" *Tipton II*, 1997 SD 96, ¶35, 567 N.W.2d at 365-66 (quoting *Tipton I,* 538 N.W.2d at 786). The district court held that the Code of Federal Regulations, the Bureau of Indian Affairs (BIA) Manual, the BIA Law

-7-

Enforcement Handbook, Rosebud Sioux Tribal Code sections 6-1, 6-2, 6-3, a Rosebud Sioux Tribe Rule of Criminal Procedure, and South Dakota Codified Laws §§23A-3-2, 32-23-1, 32-23-1.1, and 32-23-1.3 did not demonstrate an intent to protect a particular class of persons, as required under the third *Tipton* factor.

Sorace claims that the district court erred in finding that federal and tribal regulations, handbooks, and laws were not applicable because they were not the substantive laws of South Dakota. However, we find that only the law of the State is relevant under our analysis of FTCA claims. *See Klett v. Pim*, 965 F.2d 587, 589 (8th Cir. 1992) (quoting *Gelley*, 610 F.2d at 562) ("'[F]ederally imposed obligations, whether general or specific, are irrelevant to our inquiry under the FTCA, unless state law imposes a similar obligation upon private persons.'"). Moreover, even if we considered all of the manuals, laws and regulations cited by Sorace, they fail to create a private cause of action under the FTCA.

First, Sorace's citation to the code of federal regulations is misplaced. 25 C.F.R. §§12.12, 12.13 and 12.14 provide the standards and potential penalties for the law enforcement programs managed by the BIA, as set forth in the BIA Manual and the BIA Law Enforcement Handbook. 25 C.F.R. §11.301(b)(3) gives law enforcement the right to arrest a person if the officer has probable cause to believe that the person committed an offense. None of these provisions identifies a particular class protected and cannot be the basis of a special duty.

Similarly, the handbooks and tribal codes cited by Sorace do not enure to the benefit of a specific group. The BIA Law Enforcement Handbook sections cited by Sorace simply indicate that law enforcement has authority to arrest drivers where there is probable cause to believe the driver is impaired or under the influence of alcohol or drugs. The Rosebud Sioux Tribal Code sections cited by Sorace criminalize driving under the influence of alcohol and reckless driving, provide that an officer may arrest a person for a crime without the crime being committed in the presence of

the officer, and allow for damages when a person has suffered a detriment from the unlawful act or omission of another. These citations provide no indication that they are intended to protect any particular class.

Furthermore, the South Dakota statutes cited do not create a private duty to any specific group. South Dakota Codified Laws §§32-23-1, 32-23-1.1, and 32-23-1.3 allow law enforcement to arrest, without a warrant, and later criminally charge a driver for suspicion of driving under the influence of alcohol. These are general laws and a circumscribed class of people to be protected is not identified. Likewise, South Dakota Codified Laws §21-10-1 simply creates a cause of action for nuisance. The South Dakota Supreme Court has already held that the nuisance statute does not "create a special class or mandatory duty, either." *Tipton II*, 1997 SD 96, ¶36, 567 N.W. 2d at 366.

In sum, Sorace's complaint failed to allege a specific South Dakota statute or regulation that imposes a mandatory duty on the police to protect a particular person or class of persons. Therefore, Sorace's complaint also failed to establish this prong of the special duty test. *See Pray*, 2011 SD 43, ¶9, 801 N.W.2d 451, 454 ("she must show some duty owed to her as an individual or as a member of a class, rather than to the public as a whole").

Finally, we find that the RST PD did not increase the risk of harm to Melanie Sorace and her children by failing to arrest Dillon. *See Tipton II*, 1997 SD 96, ¶38, 567 N.W.2d 351, 366 ("Under this factor official action must either cause harm itself or expose plaintiffs to new or greater risks, leaving them in a worse position than they were before official action."); *Pray*, 2011 SD 43, ¶14, 801 N.W.2d at 456 ("The city's actions must either cause the harm itself or have exposed Pray to new or greater risks, leaving Pray in a worse position than she would have been before the city's actions."). In her complaint, Sorace alleges that the RST PD did not arrest Dillon after receiving complaints that he was driving erratically. She does not allege that the police

increased Dillon's threat or exposed Melanie Sorace to additional harm that was not otherwise present. As a result, Sorace failed to allege that Melanie Sorace and her children were in a worse position than before Dillon's erratic driving was reported to the RST PD because of an official action.

We conclude that the district court properly granted the United States' motion to dismiss.

## III.

Sorace also argues that the motion to dismiss should have been converted into a motion for summary judgment because the United States relied on an affidavit[3] in support of its motion.

"If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "'Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion.'" *Casazza v. Kiser,* 313 F.3d 414, 417 (8th Cir. 2002) (alteration in original) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999)). "A district court does not convert a motion to dismiss into a motion for summary judgment when, for example, it does not rely upon matters outside the pleadings in granting the motion." *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (citing *BJC Health Sys. v. Columbia Cas. Co.,* 348 F.3d 685, 688 (8th Cir. 2003)).

---

[3]Specifically, Sorace claims that the district court improperly relied on the affidavit of Edwin Young, the acting Chief of Police of the Rosebud Sioux Tribe Law Enforcement Services. Young attested that the Rosebud Sioux Tribe Law Enforcement Services did not receive any telephone calls regarding Dillon's erratic driving prior to Dillon's motor vehicle accident with Melanie Sorace.

The district court clearly stated that it was dismissing Sorace's complaint under Fed. R. Civ. P. 12(b)(6) and that it was "in no position to delve into the competing affidavits" regarding whether the police received reports about Dillon. The district court instead stated that it accepted the facts alleged in Sorace's complaint as true, including that the RST PD received multiple reports that a pickup truck was driving erratically through Mission, South Dakota and, therefore, that the RST PD had actual knowledge of Dillon's dangerous driving. Nothing in the record indicates that the district court considered any of the affidavits that were provided by the parties.

We hold the district court did not err as a matter of law in not converting the motion to dismiss into a motion for summary judgment.

## IV.

Finally, Sorace appeals from the district court's dismissal of her complaint because she contends that the district court should have granted her request for leave to file an amended complaint rather than dismissing her action. We review for abuse of discretion the district court's decision to deny leave to amend a complaint. *O'Neil*, 574 F.3d at 505; *United States v. Fairview Health Sys.,* 413 F.3d 748, 749 (8th Cir. 2005). "Although leave to amend shall be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *Fairview Health Sys.,* 413 F.3d at 749 (citing *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 913 (8th Cir. 2002)) (internal quotations omitted).

Sorace argues that the district court abused its discretion by not allowing her leave to amend her complaint to allege that the *Tipton* factors were satisfied. Sorace did not submit a proposed amended pleading to the district court, however. Instead, she noted in her response to the United States' motion to dismiss that "if the court grants the motion, plaintiff requests leave to amend the complaint to cure any defect."

-11-

The District of South Dakota's Local Rule 15.1 requires a plaintiff to submit a proposed amended pleading with a motion to amend the complaint. A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules. *O'Neil*, 574 F.3d at 505 (citing *Drobnak v. Andersen Corp.,* 561 F.3d 778, 787 (8th Cir. 2009)); *see also Meehan*, 312 F.3d at 914 ("[T]he district court was not required to engage in a guessing game.").

Further, the district court did not abuse its discretion because amendment of Sorace's complaint would have been futile. "Futility is a valid basis for denying leave to amend." *Fairview Health Sys.*, 413 F.3d at 749 (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). Although Sorace maintains she could have easily alleged that the *Tipton* factors were satisfied, the record does not support that proposition. In response to United States' motion to dismiss, Sorace offered the affidavits of Elizabeth Bordeaux and Luke Black Bear stating that the RST PD received reports about Dillon prior to his motor vehicle accident with Melanie Sorace. The district court already assumed for purposes of the motion to dismiss that Sorace could have satisfied the first prong of the *Tipton* test such that those affidavits added nothing to the district court's analysis. Sorace's counsel also provided copies of the BIA Manual, the BIA Law Enforcement Handbook, and the Rosebud Sioux Trial Code. We previously held that these tribal handbooks and laws do not protect a particular class of people and do not satisfy the third factor of the *Tipton* test. It is apparent to us that Sorace attempted to satisfy the *Tipton* factors before the district court through these submissions but was unable to do so. Thus, we have before us no evidence that Sorace would have been able to satisfy the *Tipton* factors if she were given an additional opportunity.

Accordingly, we find the district court did not abuse its discretion in refusing to grant Sorace leave to amend her complaint.

The Judgment is affirmed.

_____